GARRETT v. KANSAS CITY COAL MINING COMPANY *et al.*,
Appellants.

Division Two, July 1, 1892.

1. **Supreme Court Practice:** ABSTRACT. A motion to dismiss the appeal for failure to file a complete abstract, as required by the rules of the supreme court, will not be considered where it does not distinctly point out in what respect the abstract is insufficient.

2. ——: ——. The rule requiring the abstract to "have a complete index at the end" is imperative.

*Appeal from Jackson Circuit Court.*

*Warner, Dean & Hagerman* for appellants.

*Lipscomb & Rust* and *J. W. Beebe* for respondent.

MACFARLANE, J.—Respondent files a motion herein suggesting the insufficiency of the abstract of the record filed by appellants under rule 13 of this court, and insists that the appeal should be dismissed, or the judgment affirmed as of a total failure to comply with said rule. The case was argued and submitted on its merits, attorneys for respondent, on argument, renewing the objection on account of the alleged insufficiency of the abstract, but neither in motion nor on argument specifically pointing out material omissions from the evidence, nor did he undertake to supply the omissions by an additional or counter abstract.

These objections require an interpretation of the rule, or rather the determination of its practical application.

Rule 13 provides that "the abstracts mentioned in rules 11 and 12 shall be printed in fair type, and

shall be paged, and shall have a complete index at the end thereof, and shall set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision. Where there is no question made over the pleadings, or over deeds or other documentary evidence, it shall be sufficient to set out the substance of such pleadings or documentary evidence. The evidence of witnesses shall be stated in a narrative form, except when the questions and answers are necessary to a complete understanding of the evidence. When there is any question made over the pleadings or as to the admissibility or legal effect of any documentary evidence, the pleadings and such documentary evidence must be set out in full with the indorsements thereon; and in all other respects the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of all the assigned errors."

Rule 12 provides that respondent may, if he desire to do so, file a further or additional abstract, and rule 16 provides that, if any appellant in any civil case shall fail to comply with the rules requiring abstracts to be filed, the court, when the cause is called for hearing, will dismiss the appeal or writ of error; or at the option of the respondent continue the cause at the costs of the party in default.

The record in this case shows that the suit was in equity involving a question of fraud, and contains two hundred and seventy-five type-written pages, a large portion of it being the testimony of witnesses. The abstract contains forty-seven printed pages, about seventeen of which are taken up in pleadings and documentary evidence. This leaves about thirty pages occupied with the evidence of eight or ten witnesses, several of them being parties to the suit, and testifying to transactions in which fraud was charged. No index

whatever to the abstract was given. The rule was intended to relieve the court of the necessity of having to go through a voluminous record in order to ascertain what it contained. If we are required to read both the record and the abstract in each case in order to ascertain if the abstract is sufficient under the rules of the court, nothing will be gained by the rule which requires the abstract.

The rule requires the abstract to contain "so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision." Any lawyer ought to be able to know in each case what is required. One error assigned in this case, indeed about all the question there is in the case, is whether or not the evidence was sufficient to justify the decree. It is very clear that, for a full understanding of that question, a complete abstract of all the evidence should have been given. Appellants insist that they have done so. We are not able to decide between them without a comparison of the evidence of each witness with that given in the abstract. Such a comparison would render the rule practically useless.

In order to maintain and enforce the rules practically, as well as theoretically, it is necessary for us to presume that the attorney prosecuting the appeal or writ of error has in good faith complied with them. The respondent then has his remedy, if he deems the abstract insufficient, either to prepare and file an additional abstract, as provided by rule 12, or insist on having the appeal dismissed or continued as provided by rule 16. If no abstract at all is filed, the practice is to dismiss the appeal or writ of error when the case is called, without motion or suggestion from the opposite party.

If, on the other hand, an abstract is filed, but the same is by the opposite party deemed insufficient under the rules, and a practical failure to comply with them, he must take advantage of the defect by formal motion. This motion, as other proceedings in courts, should show cause, upon the face of the motion itself, for the relief prayed. It should show not only the insufficiency of the abstract, but in what the insufficiency consists.

If any material evidence has been entirely omitted, it should be shown what the evidence was, and if evidence has been abstracted in such a manner as to change its meaning or import, the fact should be distinctly pointed out, and in either case a reference to the pages both of the abstract and record should be given, if an inspection thereof should be necessary.

The motion in this case, while charging generally the insufficiency of the abstract of the testimony, fails to call our attention specifically to any evidence entirely omitted, or to any evidence which is unfairly or partially abstracted. We do not think the motion shows cause for affirming the judgment for failure to comply with the rules in respect to filing abstracts.

The failure of appellants to ''have a complete index at the end'' of the abstract is a disregard of and failure to comply with the rules which is apparent upon a mere inspection. The rule is as imperative, in requiring the index, as in requiring abstract, and the penalty follows the one as well as the other.

We cannot pass upon the sufficiency of the abstract until its alleged defects are specifically pointed out. Case will be continued to October term, by consent of parties, with leave to either party to proceed as herein indicated. All concur.