Buelterman v. Meyer.

BUELTERMAN, *Plaintiff in Error*, v. MEYER.

Division One, February 18, 1896.

1. **Appellate Practice:** WRIT OF ERROR: STATUTE.   A writ of error is "brought" when it is sued out, and not when notice is served on the adverse party.   (R. S. 1889, secs. 2275, 2290.)

2. **Contract:** SALE OF GOODS: NOTE.   When one employed to buy and sell merchandise for another, under an agreement to be responsible for all goods sold by him, takes a note for sales of the latter which is, after the close of the business, renewed by the principal, such renewal does not discharge the agent from liability for the goods.

3. ———: PERSONAL SERVICES: COMPENSATION, WHEN IMPLIED.   Where personal services are rendered and received and no family relation exists between the parties, an agreement for compensation will be implied, in the absence of an understanding by both parties that such services were to be gratuitous.

*Error to St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Lubke & Muench* and *L. E. Walther* for plaintiff in error.

(1) The acceptance of the renewal notes suspended all right of action on the original notes or debt until the nonpayment at maturity of the renewal notes. 2 Daniel on Neg. Instruments, sec. 1272. (2) And by reason of such extension of time, granted without the knowledge or consent of plaintiff, he was discharged from all liability as surety. *Bank v. Leavitt*, 65 Mo. 562; *Barrett v. Davis*, 104 Mo. 549; *Bank v. Wood*, 56 Mo. App. 214; *Hubbard v. Gurney*, 64 N. Y. 457; *Andrew v. Marrett*, 58 Me. 539; Am. and Eng. Encyclopedia of Law, "Surety," p. 836. (3) Whether as to the surety, the taking of the new notes be held as a payment or an agreement for an extension of the credit of the original notes, the result is the same, it discharges him. Am. and Eng. Encyclopedia of Law, "Surety." (4) The execution and delivery of the new notes by the principal debtor to defendant was a sufficient consideration to support the implied agreement on his part, which arises from the acceptance of such notes, to extend the time of payment of the debt until the maturity of the new notes. *Hubbard v. Gurney*, 64 N. Y. 457; *Bank v. Leavitt*, 65 Mo. 562; Am. and Eng. Encyclopedia of Law, "Surety," p. 835. (5) As between strangers, the general rule is, where nothing to the contrary is shown, that, whenever services are rendered and received, a contract of hiring or an obligation to pay will be implied. *Hart v. Hart*, 41 Mo. 445; *Prentiss v. Richey*, 43 Mo. App. 114; *Hay v. Walker*, 65 Mo. App. 18; *Day v. Caton*, 119 Mass. 513.

*Leonard Wilcox* for defendant in error.

(1) The motion to dismiss the writ of error herein should be sustained. *Garrett v. Mining Co.*, 111 Mo.

279; *Brand v. Cannon,* 118 Mo. 595. And see point 7. *Bradley v. Bradley,* 119 Mo. 62. (2) Since plaintiff, in reply to the new matter in the answer, not only did not set up that he was responsible for his sales as surety, and had been released as to the Henry notes by an unauthorized extension, but denied the alleged liability, his first assignment of error must be over-ruled. Revised Statutes, 1889, section 2052; *Flint, etc., Co. v. Ball,* 43 Mo. App. 511; *Musser v. Adler,* 86 Mo. 449; Boone on Pleading, sections 66, 205. (3) If it should be held that such an issue was made below, yet the finding of the referee would necessarily imply a finding against plaintiff and said finding would be free from error. *Grove v. Dubois,* 1 Durnf. & East, 112; *Cochran v. Bartle,* 91 Mo. 637; *Weakley v. Bell,* 9 Watts (Pa.), 273; *Prang v. Clarkson,* 1 Barn. & Cres. 14; *United States v. Howell,* 4 Wash. C. C. R. 620; *Crosley v. Wyatt,* 10 N. H. 318; *Ins. Co. v. Carson,* 31 Mo. 222; *Noll v. Oberhellman,* 20 Mo. App. 340. (4) The referee's findings that there was no express agreement with reference to the services mentioned in the second count, and that whatever services were rendered by plaintiff were rendered without any purpose of demanding compensation therefor, and accepted by defendant with that understanding, are free from error. *Bank v. Aull,* 80 Mo. 200; *Morris v. Barnes,* 35 Mo. 415; *Hoolan v. Bailey,* 30 Mo. App. 588; *Bradley v. Bradley,* 119 Mo. 62. (5) The law will not imply a promise to pay for services rendered as the referee has found those in question were, without any intention to demand compensation therefor and accepted with that understanding. Nor will the law turn what was intended as a gratuity into a charge. *Bank v. Aull,* 80 Mo. 202; *Morris v. Barnes,* 35 Mo. 415. (6) The relation of the parties was such as to exclude an implied promise to pay for said services. Bishop on

Cont., sec. 222; *Pew v. Gloucester*, 130 Mass. 395; *Potter v. Carpenter*, 76 N. Y. 157; *Henry v. Bassett*, 75 Mo. 91; *Burden v. Burden*, 1 Ves. & Beam. Ch. 170. (7) A writ of error is not "brought" within three years from the date of the judgment when, as here, notice of same is not given within that time, and this proceeding should therefore be dismissed. Revised Statutes, 1889, section 2275; *Macklin v. Allenberg*, 100 Mo. 343; *White v. Reed*, 60 Mo. App. 387; *Lumber Co. v. Wright*, 114 Mo. 334; *Spurgin v. Spurgin*, 3 Head (Tenn.), 25; *Chester v. Fuster*, 90 Tenn. (6 Pickle) 517.

BRACE, P. J.—The petition in this action contains two counts. The first alleges in substance that the plaintiff was employed by the defendant to buy and sell feed, hay, grain, etc., for the defendant, for which plaintiff was to receive one half of the profits on sales made by him after deducting certain charges for hauling, and that there is a balance due plaintiff amounting to the sum of $1,817.37 on account of the profits on such sales made by him, for which he asks judgment. The second count alleges that at the request of the defendant the plaintiff rendered services in assisting defendant's bookkeeper in keeping defendant's books, which were of the reasonable value of $1,160, for which he asks judgment.

The answer to the second count was a general denial. To the first count that the defendant agreed to collect all bills and be accountable to the defendant for the full price of all goods sold by him; that during his said employment plaintiff sold goods of the defendant to divers persons who have not paid therefor, and who are insolvent, and to divers other persons from whom he collected the proceeds of such sales without accounting therefor, and sets up by way of counterclaim an itemized statement of the bills thus sold and

not paid or accounted for, by him, amounting in the aggregate to the sum of $3,210.30. A further counter-claim is set up in the answer for the sum of $580, for the reasonable value of the use of a horse and buggy furnished by defendant at plaintiff's request, and defendant prays that an account be taken of the trans-actions between the plaintiff and defendant, and for judgment for such balance as may be. found due defendant on such accounting. The reply was a gen-eral denial.

By consent, the cause was referred to Frank Hicks, Esq., to try all the issues and report his finding thereon. On the eighteenth of June, 1890, the referee filed his report, containing a clear and concise analysis of the vo-luminous evidence taken before him, and in substance finding that the plaintiff under the contract between the parties is entitled, on account of his share of the profits on sales made by him, to the sum of $1,802.84, and that he should be held responsible for all sales made by him, and that upon an accounting between plaintiff and defendant all sums due for merchandise sold by plaintiff during his employment should be charged to him; and that there is due and unpaid to the defendant for merchandise sold by plaintiff, from the following named persons, the following amounts, which should be charged to plaintiff:

| | |
|---|---:|
| Account of F. Kuhlman | $ 188.99 |
| Account of Sauer & Fagley | 2,290.00 |
| Account of Henry Dedert | 530.68 |
| Account of Henry E. Rodeman | 217.09 |
| Account of Edward Henry | 358.87 |
| *Notes of Edward Henry* | *877.46* |
| Account of T. P. Rusell | 22.60 |
| Account of J. P. Waldon | 41.27 |
| Account of H. Lewitz | 72.47 |
| Notes of E. Beyer | 150.00 |
| Account of C. P. Mason | 93.56 |
| Account of Betz Bros | 60.22 |
| Account of Kavanaugh & Raynor | 338.97 |
| Notes of B. Murnaghen | 208.35 |
| Making the aggregate so charged | $3,389.60 |

From which the aforesaid balance due plaintiff on account of profits being deducted would leave due defendant the sum of $1,586.76, upon payment of which balance by plaintiff, he will be entitled to an assignment of said notes and accounts. The referee further found as to the second count in the petition that the plaintiff rendered assistance to the defendant's bookkeeper in keeping defendant's books for twenty-nine months and that the reasonable value of such services was $20 per month, and that such services were rendered with the knowledge of the defendant but without any express request or any express promise on his part to pay therefor, and that ''the services were rendered without any purpose on the part of the plaintiff of demanding compensation therefor, and were accepted with such understanding by defendant'' and that plaintiff is not entitled to recover therefor, and upon defendant's counterclaim for horse hire, found that the plaintiff had the use of defendant's horse for one thousand, one hundred and sixty days, and that the reasonable value thereof was $10 per month, but that the horse ''was furnished by defendant without any intention of demanding pay therefor and was used by plaintiff with that understanding and that defendant is not entitled to recover therefor.''

Both the parties filed exceptions to the referee's report, which were overruled and the report confirmed, except as to one item charged against plaintiff, to wit, the note of E. Beyer for $150, which had in the meantime been paid, and judgment was thereupon entered against plaintiff for $1,436.76, upon payment of which the defendant was required to assign the notes and accounts aforesaid to the plaintiff.

Both parties moved for a new trial, and the motions being overruled, the plaintiff excepted to the

overruling of his motion, and brings the case here by writ of error.

1.  The suit was instituted on the fourteenth of May, 1889.  The judgment was rendered on the fourteenth of May, 1891.  The motions for new trial were overruled on the twenty-fifth of June, 1891.  The writ of error was issued on the twentieth of April, 1894, returnable to the ensuing October term, and notice thereof was served on the plaintiff on the fifth of September, 1894.  On this state of facts the defendant moves to dismiss the writ of error because the same was not *brought* within three years after the rendering of the judgment.  There is no question but that the writ of error was sued out within three years after the final judgment or decision of the court in the case, but counsel for defendant insist that the writ should be dismissed because notice of the suing out of the writ was not served within three years after final judgment.

The language of the statute is a sufficient answer to this contention.

The language of section 2275, Revised Statutes, 1889, is: "All writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within three years after the rendering of such judgment or decision, and not thereafter."

And section 2290 is as follows:  "Every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party or his attorney of record, twenty days before the return day of such writ.  If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown."

From the language of these two sections, it is clear that the writ must be sued out within the three years, and that then the notice thereof must be given within

twenty days before the return day of the writ, as was done in this case, and the defendant is not entitled to have the writ dismissed on this ground, nor is he entitled to such dismissal for want of a sufficient abstract under our rulings in *Garrett v. Coal Mining Co.* 111 Mo. 279; *Brand v. Cannon,* 118 Mo. 595. The motion to dismiss is therefore overruled.

2. The errors assigned by plaintiff for a reversal are:

*First.* The finding that plaintiff was responsible for the Edward Henry notes amounting to the sum of $877.46.

*Second.* The finding that plaintiff performed the services as bookkeeper without any intention of being paid therefor.

The plaintiff contends that he ought not to be held responsible for the amount of the Henry notes because the defendant accepted new notes in renewal of the original notes after this suit was brought, although neither the new nor the old have ever been paid or delivered to Henry, but are still in the possession of the defendant in condition to be assigned to the plaintiff.

This contention proceeds upon the mistaken idea that as to such notes the plaintiff was surety for their payment, and that defendant by renewing the originals extended the time for the payment of the debt, and thereby discharged the surety. The defendant in his answer did not charge or seek to charge plaintiff with liability for the amount of Henry's notes, as surety upon such notes, or as surety for the debt they were given for; nor did the plaintiff in his reply set up any such collateral undertaking and release as a defense to defendant's counterclaim. Defendant's action by way of counterclaim was upon an alleged contract by plaintiff to be responsible for the price of

all goods of the defendant sold by him, and the reply simply denied the contract. Upon this issue the referee and the court found for the defendant and further found that of the goods sold by plaintiff for which he agreed to be primarily responsible, goods to the value of the notes in question were sold to Henry. This primary and direct liability of the plaintiff could not be discharged by the acceptance by defendant of Henry's notes for the amount of the goods sold to him, or of notes in renewal thereof, unless such notes were in fact paid, or were accepted by the defendant as payment which confessedly they were not. The defense attempted to be set up by this contention is not within the issues made by the pleading, was not and could not be injected into the issues by the evidence. The introduction of these notes in evidence was not to show liability thereon by the plaintiff direct or collateral, but to show the amount of his liability on the contract which the answer alleged and the court found he had entered into with the defendant, a contract absolute and independent of the notes, and to which they were simply collateral. There was no error in charging this amount to the plaintiff.

3. As to the second assignment, it may be conceded that as between those among whom no family relation exists, the general rule is, where nothing to the contrary is shown, that whenever services are rendered and received, a contract of hiring or an obligation to pay will be implied, and that it is not necessary to show an express request or promise, and if the finding of the referee had gone no further than that the services in question had been rendered without any express request or promise, he would not on such finding have been warranted in disallowing compensation therefor; but he went further and found that the services were rendered by the plaintiff without any purpose

of charging therefor, and received by defendant with the understanding that such was the plaintiff's purpose; in other words, with the understanding by both parties that such services were gratuitous. While the evidence was conflicting on this subject there was ample evidence to sustain the finding of the referee, and it is binding on us. In fact, in the light of all the evidence there is left little room for doubt but that plaintiff's charges for these services and defendant's charge for horse hire were mere make-weights thrown into the case upon afterthought. Finding neither of the errors well assigned, the judgment of the circuit court is affirmed. All concur.