## MARY HARDING v. PHILIP BEDOLL, LUCY BEDOLL and WILLIAM R. ALLEN, Plaintiffs in Error.

**Division One, March 28, 1907.**

1. **ABSTRACT: Rules of Court: Application and Construction.**
The rules of the court in reference to the contents of an abstract and time of filing and serving the same are reasonable, easily to be followed and are to be applied without respect to the case or person, and while they have been and will continue to be liberally construed, yet the construction should not be so liberal as to annul them, nor can the court give a strained construction of them in one case and a more liberal one in another.

2. ———: **Contents.** The abstract, as applied to the record, must be complete enough to show that the questions presented for review have been properly preserved in the case. Applied to the record proper, it does not mean that the entire pleadings must be set out, unless some question urged requires that, but it does mean that it should show, that pleadings were filed in some lower court at some particular time, and their character, so that the issues raised may be readily ascertained therefrom; and that it show the judgment or a concise statement thereof, its date, the fact that a motion for a new trial or in arrest had been filed and the time thereof, so that the court may see that it was filed within the four days prescribed by statute; and that it show the overruling of said motion or motions, leave to file a bill of exceptions, the approval and filing of said bill according to the order of the court, and the filing in proper time of the transcript in the appellate court. It is not necessary to print these orders and record entries in the abstract *in haec verba*, but the abstract thereof or abridgement of the record should show every material fact necessary for a complete understanding of the case.

3. ———: **Resort to Record.** An abstract which does not make a resort to the record unnecessary is insufficient.

4. ———: **Filing Motion for New Trial.** An abstract which simply says, "Within four days after the rendition of said judgment defendants filed the following motion for a new trial," with nothing more, is insufficient. It cannot be determined therefrom whether or not the motion was filed during the same term of court.

Harding v. Bedoll.

5. ————: **Copy of Record.** It is not necessary that a copy of the record be printed in the abstract, but the record entries should be so abstracted as to show a continuous and connected history of the case, and that the appeal was taken in the time prescribed by law.

6. ————: **Overruling Motions.** An abstract which does not state when or at what term the motions for a new trial and in arrest were overruled is insufficient.

7. ————: ————: **Reference to Transcript.** The court will not refer to the transcript to ascertain when the motions for a new trial and in arrest were filed, or whether or not in term time, or when overruled, even though the transcript be a complete one, and the transcript is cited in the abstract.

8. ————: **Judgment.** Where the form of the judgment is not itself in issue upon appeal, it is not necessary that the judgment be set out in full; it is better that it be so abstracted as to give the court all necessary information in regard thereto, such as, a judgment record, the date and term of its rendition, the substance thereof, etc.

9. ————: **Bill of Exceptions.** Where the abstract does not show a bill of exceptions approved by the judge of the trial court, or whether or not one was filed, or if filed whether filed by order of court, it is insufficient.

10. **SUPPLEMENTAL ABSTRACT.** A supplemental abstract, filed out of time and without leave of court, is unavailing to cure the defects in a wholly insufficient abstract filed and served in time. If filed without leave of court, it will not be considered. Nor should such leave be granted after the respondent has served his brief or other writing calling attention to defects in appellant's first or original abstract.

11. ————: **Motion for New Trial.** A supplemental abstract which shows no record entry of the filing or overruling of the motions for a new trial and in arrest, and the most that can be said of it is that it shows memoranda from which upon a proper application a proper *nunc pro tunc* order could have been obtained, even if filed in time and after leave, is insufficient.

12. ————: ————: **Matters of Record.** The filing of the motions and the action of the court thereon must appear from the record proper; it is not sufficient that the bill of exceptions contains recitals of their filing.

Error to Butler Circuit Court.—*Hon. James L. Fort,* Judge.

·WRIT OF ERROR DISMISSED.

*Geo. Bullock* for plaintiffs in error.

*Dinning & Dinning* for defendant in error.

GRAVES, J.—With the view we have of this case a short statement will suffice. Action by plaintiff against defendants in ejectment. Defendants Bedolls answer by general denial. Defendant Allen by general denial and a plea of adverse possession for ten years. Replication, a plea of former adjudication of Allen's alleged title of adverse possession, in a former action, the details of which would be useless here. Plaintiff had judgment in the lower court, the circuit court of Butler county, and within the year defendants sued out their writ of error here. Defendants, now plaintiffs in error, have filed what they call an abstract of record. They likewise filed brief and argument, in which the merits of the case are fully discussed. Plaintiff, now defendant in error, urges the insufficiency of this abstract of record filed herein. The insufficiency of the abstract is thus challenged in the following assignments:

"For the reason that said abstract does not contain a copy of the order of the circuit court of Butler county, filing plaintiffs in error's motion for a new trial.

"Because said abstract does not contain a copy of the record of the circuit court of Butler county, overruling plaintiffs in error's motion for a new trial.

"Because said abstract does not contain a copy of an order of the circuit court of Butler county, filing plaintiffs in error's motion in arrest of judgment.

"Because said abstract does not contain an order of the circuit court of Butler county, overruling plaintiffs in error's motion in arrest of judgment.

"Because said abstract does show on page 32 thereof that the circuit court of Butler county, Missouri, did render a judgment in favor of this defendant in error and against the plaintiffs in error for the possession of the land in question, with one cent damages and monthly rents fixed at $2.50, and an execution ordered to place plaintiff in possession of the premises.

"Because said abstract does not show that plaintiffs in error ever had a bill of exceptions signed by the judge of the circuit court, who tried this cause, nor does said abstract show an order of the circuit court filing a bill of exceptions in this case."

Defendant in error files an elaborate brief upon the question of the insufficiency of the abstract. After the service of this brief by defendant in error, plaintiffs in error, two days before the argument of the case, serve and file what is denominated, "Supplemental Abstract and Reply Brief of Plaintiffs in error." As to the motion for new trial, this additional abstract says:

"Within four days after the rendition of said judgment, to-wit: On the 12th day of June, 1903, plaintiffs in error filed their motion for a new trial, which has endorsed thereon, the following: 'Filed June 12th, 1903, L. M. Henderson, circuit clerk.'

"Said motion for new trial coming on for hearing, the following entry appears of record on the motion docket of the circuit court of Butler county, at page 58:

| Attorneys. | Case No. | Parties. | Character of Motion. | Date. |
|---|---|---|---|---|
| L. F. Dinning Henry W. Allen and Geo. Bullock. | No. 52 | Mary Harding vs. Philip Bedoll et al | Motion for New Trial | Overruled. 6-19-03" |

A similar showing is made as to the motion in arrest of judgment. The final entry as to the alleged

filing of a bill of exceptions in the case is in this language:

"At page 324 of said miscellaneous record, appears the following entry:

" 'Mary Harding v. Philip Bedoll et al., No. 52.

" 'Now, on this, the 25th day of January, 1904, comes Geo. Bullock, attorney for the defendants herein, and files his bill of exceptions, in the above-entitled cause:' "

In the instrument first filed as an abstract of record it nowhere mentions the filing of a bill of exceptions. In fact, the words "bill of exceptions" nowhere appears in the document. This sufficiently outlines the situation for a proper consideration of the contention made that the writ of error should be dismissed or the judgment affirmed, on account of the failure to file such an abstract of record as required by the rules of this court, promulgated under the statutes.

The question of what is a proper abstract of the record is becoming so frequent of late that an excuse is furnished for this opinion, taking up in detail the delinquencies charged to this abstract. The rules of the court were established for the speedy and orderly disposition of its work. They are reasonable, and if examined by counsel, can readily be followed. The constructions of the rules have been very liberal, but should not be made so liberal as to annul the rules themselves. Nor can the court give a strained construction in one case and a more liberal one in another. The application of the rules, as made by the courts, is without respect to the case or the person. In some instances, neglect or oversight of counsel may work a hardship upon clients, but this case can furnish no reason for the construction of the rules such as should practically annul them. These rules apply to all persons, all cases and all representatives of clients, alike, and must be construed in one case just as they

have been or will be in another, irrespective of the case, the parties or their counsel.

What is an abstract of the record and what should it contain under our rules? Speaking generally, it is said: "As a noun the word 'abstract' denotes a less quantity containing the virtue and force of a greater quantity." [1 Cyc. 211.]

As applied to a record it would mean a complete history in short abbreviated form of the case as found in the record. It would have to be complete enough to show that the questions presented for review have been properly preserved in the case. As to the record proper it would not mean that the whole pleadings should be set out, unless some question urged required it. It would mean, however, that there should be a showing to the effect that pleadings had been filed in some lower court at some particular times, and the character of such pleadings, so that the issues raised could be easily ascertained. It would likewise mean that there should be a concise statement of the judgment and the date of its rendition and also of the fact that a motion for new trial or in arrest of judgment had been filed, and the time thereof so that this court can see that it is filed within the four days prescribed by the statute. By this we do not mean that a copy of the record entry showing the filing of the motion should be printed, but as an abstract thereof it could be said: "And thereafter at the same term of court and within four days after the return of said verdict or rendition of said judgment, to-wit, on —— day of ——, 190—, the defendant (or plaintiff) filed his motion for a new trial, as shown by the record entry made at the time." Even this might be further abbreviated so as to aver and show the same facts.

So also should be the showing as to the overruling of such motion, the leave to file bill of exceptions, filing of bill of exceptions, the affidavit for appeal, and the order granting the appeal. Later, by appropriate

statement, should appear the filing of the case in this court. In all this it is not necessary to print *in haec verba* the orders of the court, but enough to show the act and that it is of record, as an order, decree or judgment of court. In 3 Cyc., p. 78, the rule is thus announced:

"With regard to the matters properly included in an abstract of the record it may be stated, as a general rule, that such abstract should be literally an abstract, or abridgment, of the record, containing only so much thereof as is necessary to a full understanding of the questions presented for review. It should be as brief as possible so long as all material matters are presented, and an abstract which does not comply with this rule to a sufficient extent to obviate the necessity of a resort to the record is insufficient. Whatever is relied upon as an error should be shown, and an appellant's abstract will, as against him, be deemed sufficiently full and accurate to present all the errors on which he relies. The abstract should not, however, contain matters wholly immaterial and unnecessary in aiding the reviewing court to determine the appeal."

This statement is supported by a large number of Missouri cases cited by the text-writer. Now weighing the abstract in question by the scales thus erected, how stand the contentions of parties? These in their order.

I. The first contention is: "For the reason that said abstract does not contain a copy of the order of the circuit court of Butler county, filing plaintiffs in error's motion for a new trial." The record shows the judgment in full which appears to have been entered on June 12th, the eleventh day of the June term of the Butler Circuit Court for the year 1903. Then follows this language:

"Within four days after the rendition of said judgment defendants filed the following motion for a new trial:"

From this the motion might have been filed at the same term of the judgment, or it might have been filed later. We can take knowledge of the beginning of a term of court, but not of its ending. It may be in session one day or longer. The four days mentioned in this abstract might be during the term or it might not be during the term. We are not required to go to the transcript of the record to determine this fact. Neither are we required to presume that it was during the term. The abstract should so show. It follows that this contention of the defendant in error is well founded.

II. The next contention is as to the condition of the motion in arrest of judgment. This is precisely upon the same footing as the motion for new trial. The contention in each case is that the abstract does not contain "a copy of the record." We have said that this was unnecessary, provided such record entry was properly abstracted so as to show the facts. And in sustaining these contentions, we do not place it upon the ground that there has not been printed "a copy of the record" but because such record entries have not been so abstracted as to show the necessary facts to make a continuous and connected history of the case. As indicated in the first part of this opinion these record entries can be abstracted in a short paragraph, so as to show all the facts.

What has been said as to the condition of the filing of these motions applies to a great extent to what is said as to their being overruled. The abstract on that question simply says: "Both of said motions were by the court overruled, to which rulings defendants excepted and saved their exceptions." Nothing is said as to when or at what term of the court this action was taken. All these things should appear in the abstract. We are cited to the transcript it is true, where perhaps this information does appear, but we have continuously held that we will not go to the

transcript. [Halstead v. Stone, 147 Mo. 649; Walser v. Wear, 128 Mo. 652; Brand v. Cannon, 118 Mo. 595.]

Nor is the rule different although there be a complete transcript filed and appeal taken by the long method. [Whiting v. Lead Co., 195 Mo. 510, and cases cited; Vandeventer v. Goss, 190 Mo. 239.]

This and what is said under paragraph one above disposes of the 1st, 2nd, 3rd and 4th contentions of defendant in error and in favor of said defendant in error.

III. The next contention goes to the sufficiency of the abstract as to the judgment. Upon this point the abstract says: "Under the declarations of law, given, as aforesaid, the judgment was for the plaintiff and against the defendants, and was as follows: 'Be it remembered that heretofore, to-wit, on Friday, June 12th, the same being the 11th day of the June, 1903, term of Butler county circuit court, the following, among other proceedings were had, to-wit:' " Then follows the full judgment even to the style of the case. This we think is sufficient. The only thing that could be said is that the judgment might have been so abstracted as to have given this court the same information in less than one-fourth the space. It is an ordinary judgment in ejectment and counsel could have said in the abstract: "Upon the trial of said cause before the court, without the intervention of a jury, the court at the June term, 1903, of said court, and on the 11th day of said term, made and entered its judgment of record by which it found the issues for the plaintiff and against the defendants, and that plaintiff was entitled to the possession of the premises in dispute, assessing her damages at one cent, and fixing the monthly rents at $2.50, and directing execution thereon."

The foregoing would have given the court all the necessary information. It shows a judgment of rec-

ord. It shows the date and term of its rendition. It shows the substance thereof. Where the form of the judgment itself is not an issue upon appeal, the foregoing is ample. However, we cannot hold the abstract insufficient upon the question of the judgment and this contention is ruled against defendant in error.

IV. The last contention is that the abstract is insufficient "because said abstract does not show that plaintiffs in error ever had a bill of exceptions signed by the judge of the circuit court, who tried this cause, nor does said abstract show an order of the circuit court filing a bill of exceptions in this case."

This contention is well taken. From cover to cover the words "bill of exceptions" cannot be found in this alleged abstract. Nor is there anything which could be construed to mean "bill of exceptions." Not a word whether such document was signed by the trial judge, and by order of record, filed, or not. As to whether there was a bill of exceptions signed, by whom signed, filed or by whom ordered filed, we are left wholly in the dark. Upon this point the abstract is wholly insufficient. A bill of exceptions is a part of the record when signed by the trial judge and by him ordered filed, but there should be a record entry showing the filing thereof, and this record entry should be properly abstracted so as to show the facts. That the bill of exceptions has been made a part of the record must come from the record proper and not from the recitals in the bill itself. [Hill v. Butler County, 195 Mo. l. c. 514; Bick v. Williams, 181 Mo. l. c. 527; Daggs v. Smith, 193 Mo. l. c. 499.]

The alleged abstract therefore shows no bill of exceptions.

V. Next in order, we reach the "Supplemental Abstract." First, it was filed out of time and without leave of court. Then further upon the question of a motion for new trial and in arrest of judgment being

filed it is wholly insufficient. It shows no record entry of the filing or overruling of these motions. The most that is shown is that there are memoranda in the clerk's office and upon the docket of the court, from which upon proper application a proper *nunc pro tunc* order could be obtained.

As to the filing of the bill of exceptions, this supplemental abstract says:

"At page 324 of said miscellaneous record, appears the following entry:

" 'Mary Harding vs. Philip Bedoll et al., No. 52.

" 'Now on this, the 25th day of January, 1904, comes Geo. Bullock, attorney for the defendants herein, and files *his* bill of exceptions, in the above-entitled cause.' "

This might be construed to mean that defendant's bill of exceptions was then filed, but the record is awkwardly worded and might just as well be construed to mean what it in words says, that George Bullock filed his bill of exceptions.

However, we do not desire to split hairs in interpreting the language of the record entry. The real objection is that the abstract comes too late and shows no filing of the motion for new trial. As to the motion this supplemental abstract simply shows memoranda from which the proper record by *nunc pro tunc* order could be made to appear. The filing of the motion and the action of the court therein must appear from the record proper. In the recent case of Hogan v. Hinchey, 195 Mo. l. c. 533, VALLIANT, J., says:

"In the abstract of the record proper in this case it does not appear that there was a motion for a new trial or that such a motion was overruled. There are recitals to that effect in the bill of exceptions, but that is not sufficient; the filing of such motion and the ruling of the court upon it can be shown only by the record proper."

The real question on this supplemental abstract

is that it cannot be permitted. In the case of Bank of Tipton v. Davidson, 40 Mo. App. l. c. 423, GILL, J., states the rule of practice thus:

"The appellant or plaintiff in error, too, must set out the portion of the record relied on in his first, or original, abstract. He cannot fail or refuse to furnish such abridgment or abstract in the first instance, and then after respondent shall suggest in his brief such failure, cure the defect by a so-called supplemental abstract. [Cuomo v. City of St. Joseph, 24 Mo. App. 567.]"

And in the later case of Hoffman v. Loudon, 96 Mo. App. l. c. 188, the reasons are stated by SMITH, P. J., as follows:

"Ever since the ruling in Bank v. Davidson, 40 Mo. App. 421, we have constantly held that where the appellant or plaintiff in error fails, in his original abstract, to set forth such parts of the record as shows jurisdiction, a valid bill of exceptions, and so much of the record as is necessary to a full understanding of the questions presented for decison, he cannot, after the respondent or defendant in error has suggested in his brief such failure, be permitted to cure the defect by a supplemental abstract without the consent of the respondent or defendant in error. Any other practice most obviously would lead to the most mischievous consequences and would be intolerable. The additional abstract filed by appellant, under the circumstances already referred to, should, we think, be disregarded."

In the very recent case of Everett v. Butler, 192 Mo. l. c. 569, GANTT, J., says:

"Neither do we hold that there may not be amendments to an abstract under proper circumstances for good cause shown, but when an abstract, as in this case, utterly fails to comply with the law not only in immaterial but in the most material respects, and counsel for the respondent or defendant in error have availed themselves of their right to object to the same,

and have been at the expense of printing their briefs, to hold that counsel for the appellant may then, within three days of the date set for the argument of the case, so change the abstract as to present a wholly different state of the record, would be to encourage negligence on the part of counsel and to punish the diligent counsel by exacting of them the printing and preparation of entirely new briefs, and oftentimes counter-abstracts of record.''

The foregoing seems to be the rule as to supplementary abstracts of record. To say the least they should not be filed without leave of court and if so filed will not be considered. We will add further that if for any reason the original is so faulty in stating material matters of record as to authorize the sustaining of suggestion to dismiss the appeal or writ of error, no leave should be granted after the opposite party has served his brief or other writing calling attention to the defects. To hold otherwise, would, as Judge GANTT practically says, place a premium upon negligence in the preparation of abstracts.

It therefore follows that the writ of error should be dismissed and the dismissal thereof is ordered.

All concur.