THE STATE OF MISSOURI ex rel. VELVET MIN-
ING COMPANY, Respondent, v. SOUTHWEST-
ERN MACHINERY COMPANY, Appellant.

**Kansas City Court of Appeals, March 1, 1909.**

**APPELLATE PRACTICE: Abstract: Judgment: Transcript.** An
abstract should show a concise statement of the judgment and
the date of its rendition; and the failure to do so warrants a
dismissal of the appeal, even though the transcript should con-
tain a copy of the judgment.

Appeal from Jasper Circuit Court.—*Hon. Hugh C.
Dabbs*, Judge.

APPEAL DISMISSED.

*M. R. Lively*, for appellant, submitted brief on
merits.

*H. S. Miller* for respondent.

The appeal should be dismissed for the reason that
the record fails to show the judgment appealed from.
There are numerous authorities in support of this con-
tention. Nowhere in the record can be found the judg-
ment appealed from.

BROADDUS, P. J.—The plaintiff recovered in the
circuit court and defendant appealed.

The respondent has suggested that this appeal be
dismissed because of the failure of appellant to file a
proper abstract of the record. The appeal was taken
under what is known as the short form. In due time,
appellant filed his abstract of the record. The abstract
does not contain a copy of the judgment or a concise
statement of such judgment. It recites that "the jury

returned a verdict for the plaintiff and judgment was rendered and entered thereon (clerk here copy judgment)." The above entry is found on page 7 of the abstract of record. On page 47 of the abstract, a copy of the verdict is inserted followed by the following, "And, thereupon, on the same day the following judgment was entered of record in this case, to-wit: (clerk copy judgment)."

In Harding v. Bedoll, 202 Mo. 625, the Supreme Court in an opinion by GRAVES, J., undertook to state in detail what an abstract means as applied to a record. Among other requirements, we find the following, "It would likewise mean that there should be a concise statement of the judgment and the date of its rendition," etc. It is true, that the transcript contains a copy of the judgment, but this is not sufficient. [Harding v. Bedoll, supra.]

From what has been said, the appeal should be dismissed, and it is so ordered. All concur.