ADA BARHAM, Appellant, v. W. F. SHELTON, Jr.

Division One, May 31, 1909.

1. **ABSTRACT AND BRIEF: Delay in Filing: Excuses.** A motion to affirm the judgment for a two days' delay in filing the abstract and brief will not be sustained where a sufficient showing is made that appellant's counsel was sick and the printer was much crowded with work.

2. **AMENDED ABSTRACT: Untimely Filing.** An amended abstract tendered on the day of hearing cannot be received or considered. If the original abstract was so faulty in stating material matters of record as to authorize the sustaining of a motion to dismiss the appeal or writ of error, no leave should be granted to file an amended or supplementary abstract after the opposite party has served his brief calling attention to the defects.

3. **ABSTRACT: Insufficient.** Where matters of record proper and matters of exception are so commingled in the pretended abstract that it cannot be determined whether they are the one or the other, no inquiry can be made into the merits of the case.

4. ————: ————: **Motion for New Trial.** The abstract contained this recital: "On May 25, 1906, to which same is continued, the court doth overrule said motion for a new trial, to which the appellant then and there excepted." This is the only recital in the abstract referring to the motion for a new trial, except the one immediately preceding reciting that the motion was filed on December 14th, "as follows," setting out the motion. *Held*, that, if the recital be, considered as part of the record proper, then there is no recital in a bill of exceptions showing that an exception was saved to the overruling of the motion; if it be considered as a part of a bill of exceptions, then the record proper does not show the filing of a motion for a new trial and the court's ruling thereon. A recital in the record proper that an exception was saved to the court's action in overruling the motion for a new trial is the same as saving no exception at all; the place for such an exception, and for all other exceptions, is in the bill of exceptions. Therefore, there was such a commingling of matters of exception and of matters of record proper that nothing can be considered except the record proper.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*John W. Scobey* for appellant.

*W. S. C. Walker* for respondent.

(1)   The abstract of the record was not served
by appellant within the time provided by law and the
rules of this court.   R. S. 1899, sec. 813; Rule 11.   (2)
The abstract filed by the appellant is not such as is
contemplated and required by the statutes and the
rule of court referred to above.   Hill v. Butler County,
195 Mo. 511; Vandeventer v. Goss, 190 Mo. 239; Ever-
ett v. Butler, 192 Mo. 564.   (3)   The abstract is fatally
defective because it fails to show proper record entries
of the filing of the motion for a new trial, granting of
leave to file bill of exceptions, and extension of time
therefor, the filing of the bill, granting of the appeal
and the judgment.   Williams v. Harris, 110 Mo. App.
538; Cummings v. Eiler, 121 Mo. App. 576; Reed v.
Railroad, 122 Mo. App. 93.   (4)   The abstract must
show from the record proper that the motion for a new
trial was filed and the bill of exceptions must show
that such motion was overruled and exceptions saved,
otherwise there is no bill of exceptions to review.
Bradbury v. Kerns, 115 Mo. App. 99; Bailey v. McWil-
liams, 111 Mo. App. 35; Hesse v. Ins. Co., 115 Mo. App.
89.   (5)   The abstract must show not only that the
bill of exceptions was approved and signed by the
trial judge; there must also be set out so much of the
record entry as shows when the bill was filed, whether
in vacation or in term time, and whether or not within
time properly allowed.   Clay v. Union Wholesale Pub.
Co., 200 Mo. 665; Everett v. Butler, 192 Mo. 569; Har-
ris v. Wilson, 199 Mo. 412; St. Charles ex rel. v. Dee-
mar, 174 Mo. 122; Reno v. Fitzjarrell, 163 Mo. 122.

GRAVES, J.—This cause was on our docket for hearing April 21st, but was not reached until April 23rd.  March 31st, the respondent lodged in this court his motion to affirm the judgment for divers reasons therein assigned, as follows:  (1)  that the abstract of record and brief of appellant had not been served and filed thirty days before the date set for hearing, and (2) that there are numerous failures to comply with the statute and our rules in the preparation of the abstract of record, which failures are pointed out in the motion.  On April 23rd, the day of hearing, appellant tendered for filing an additional abstract of the record, but the same was not then permitted to be filed, the court concluding to take such tender and the motion to affirm with the case, and they were so taken.  Respondent objects to the tendered amended abstract of record, and insists on his motion to affirm, a copy of which motion to affirm, with brief thereon, together with notice of respondent's intent to file the same, was served upon appellant's counsel on March 29th, 1909.  By affidavits, counsel for appellant seeks to excuse the delay of two days in serving and filing his abstract of record and brief.  Such are the issues upon the motion to affirm and leave to file additional or amended abstract.

.I.   The affidavits disclose that counsel for appellant had been unwell for some time prior to the preparation of the abstract and brief, and the printer was much crowded with work.  The full details are unnecessary, suffice it to say that upon this point the showing is sufficient to excuse the two days delay, and this point in the motion to affirm is not well taken.

II.   The amended abstract of record was not tendered until the day of hearing in this court.  We had occasion to review the authorities in this State upon this question in the recent case of Harding v. Bedoll, 202 Mo. 625.  After quoting from Everett v. Butler,

192 Mo. l. c. 569, 'we then said; ''The foregoing seems to be the rule as to supplementary abstracts of record. To say the least, they should not be filed without leave of court and if so filed will not be considered. We will add further that if for any reason the original' is so faulty in stating material matters of record as to authorize the sustaining of suggestion to dismiss the appeal or writ of error, no leave should be granted after the opposite party has served his brief or other writing calling attention to the defects. To hold otherwise, would, as Judge GANTT practically says, place a premium upon negligence in the preparation of abstracts.''

This is a wholesome rule and should be adhered to, for otherwise laxity in the preparation of abstracts of record would be encouraged. If counsel be permitted to amend abstracts of record at any and all times the rules of the court might as well be abolished, and with them the statute itself. The amendment in this case should not be permitted. [Harding v. Bedoll, *supra;* Everett v. Butler, 192 Mo. l. c. 569; Hoffman v. Loudon, 96 Mo. App. l. c. 188; Bank of Tipton v. Davidson, 40 Mo. App. l. c. 423.]

III. The abstract of record is wholly insufficient under our rules to permit an inquiry into the merits further than the record proper. The document we have before us, on page 4, is headed ''Abstract of Record.'' Under this heading we have an abstract of petition, the answer in full, and the reply in full, which takes all of pages 4, 5 and 6, and a part of page 7. On page 7 immediately following the reply we have this heading, ''The following is an abstract of the evidence,'' and following this heading on page 7 to top of page 19 follows the evidence and declarations of law. Following this on page 19 and 20 we have the judgment and after the judgment we find on page 20 this language, ''On December 14, 1905, the appellant

filed motion for new trial, omitting caption, is as follows:'' The motion for new trial is printed in full taking a part of pages 20 and 21. Then on page 21 we find the following:

''On May 25, 1906, to which same is continued, the court doth overrule said motion, to which the appellant then and there excepted.

''On May 21, 1906, the appellant filed application and affidavit for appeal which was duly granted to the Supreme Court of Missouri; and appellant is given until October 1, 1906, to file bill of exceptions.

''And by additional extensions by the court and by agreements in writing between attorneys of record for both parties, the time is extended continuously to February 1, 1908.

''And on January 27, 1908, the appellant presents her bill of exceptions in this cause to the trial judge who tried this cause, and same is duly signed and filed and made a part of the record.''

After this we have the assignment of errors, the brief, argument and index. We have accounted for every page of the document, save pages 1, 2 and 3, and to the end that all may be accounted for, we will add that these pages are taken up with counsel's statement of his case to this court.

There is nothing in this pretended abstract to distinguish record proper from matters of exceptions which are preserved in bills of exceptions, and under our rulings this is fatal. [Stark v. Zehnder, 204 Mo. l. c. 449; Clay v. Union Wholesale Pub. Co., 200 Mo. l. c. 673; Harding v. Bedoll, 202 Mo. 625.]

The recital, ''On May 25, 1906, to which same is continued, the court doth overrule said motion, to which the appellant then and there excepted,'' referring to the motion for new trial, would indicate that the counsel were talking of a part of a bill of exceptions, but the record proper should not only show the filing of the motion, but likewise the ruling of the

court thereon, and the abstract should show these things from the record proper, in addition to the exception saved to the action of the court, which exception can only appear in the bill of exceptions. [Pennowfsky v. Coerver, 205 Mo. l. c. 136, and cases cited.]

If the entry quoted above refers to the bill of exceptions, as we take it that it does, then there is nothing from the record proper showing the overruling of the motion, and on the other hand if it be called record proper, then there is nothing to show that the motion was even mentioned in the bill of exceptions, either of which is fatal.

We have a mass of testimony abstracted, but not a thing to show that it was preserved in a bill of exceptions. Other defects might be discussed, but these are sufficient. We can consider nothing but the record proper.

An examination of the pleadings and judgment shows that the judgment is one which could be entered upon the pleadings, and the same is therefore affirmed in accordance with the prayer of respondent's motion.

All concur.