S. A. OTT, Appellant, v. S. W. SPIKER et al., Respondents.

Springfield Court of Appeals, May 2, 1910.

1. APPELLATE PRACTICE: Term to Which Appeal is Returnable.  Under the rules of the appellate court (Rule 16, Springfield Court of Appeals), the date of the allowance of the appeal, and not the time of filing the bill of exceptions after the appeal is granted, shall determine the term of the appellate court to which such appeal is returnable.

2. ——————: Failure to File Abstract: Delay in Filing Bill of Exceptions.  Under Rule 21 of the Springfield Court of Appeals, an appeal must be dismissed for failure to comply with the statute (R. S. 1899, sec. 813), and Rule 12 of that court requiring abstracts to be served and filed.  Appellant asked a continuance on the ground that the stenographer had not delivered the bill of exceptions in time to have the abstract printed, but from affidavits filed, it appeared that the fault was with the appellant in having failed to pay for the bill of exceptions, and respondent not agreeing to a continuance under Rule 21, the appeal must be dismissed.

Appeal from Jasper Circuit Court.—*Hon David E. Blair,* Judge.

APPEAL DISMISSED.

*E. .F. Cameron* and *W. J. Owen* for appellant.

*H. S. Miller* and *P. D. Decker* for respondents.

NIXON, P. J.—This is an appeal on the short form. The case was set for hearing in this court on April 7, 1910. On April 6th, having served notice of their intention so to do on appellant and his attorneys, respondents filed a motion to dismiss the appeal for the reason that appellant had failed to comply with our Rule No. 12 and the provisions of the law requiring printed abstracts to be served on respondents and filed with the clerk of this court. The motion is supported by the affidavit of Oscar J. Shelby, the official stenographer of Division Number Two of the circuit court of Jasper county who prepared the bill of exceptions, stating that the bill of exceptions was prepared and ready to be delivered on January 15, 1910; that E. F. Cameron, one of the attorneys for appellant herein, asked permission of affiant to examine said bill of exceptions within a week after January 15, 1910, and did examine it; that the only reason the bill of exceptions was not delivered to appellant until March 25, 1910, was because appellant failed to pay for the same until March 24th and that the same was delivered the next day. H. S. Miller, attorney for respondents, has also filed an affidavit stating that he saw and examined the bill of exceptions on or about January 20, 1910, and that the same was then ready to be delivered.

On April 7, 1910, the day on which the case was set for hearing in this court, appellant filed a motion for a continuance stating that the official stenographer did not deliver a copy of the bill of exceptions until the

25th day of March, 1910, and that for that reason, appellant had been unable to prepare his abstract and brief; that the time for filing the bill of exceptions was extended at the January term, 1910, of the circuit court of Jasper county, until on or before the third day of the April term, 1910, of said court, for the reason that the bill of exceptions was not prepared and ready to be delivered and filed at the January term of said court.

Our Rule 16 provides that in all cases where appeals have been taken after October 1, 1909, the date of the allowance of the appeal, and not the time of filing the bill of exceptions after the appeal is granted, shall determine the term of this court to which such appeal is returnable. The judgment in this case was rendered on October 14, 1909, and the appeal was allowed on November 13, 1909. The appeal was therefore clearly returnable to the March term, 1910, of this court, and was properly docketed for this term.

Rule 21 provides that if the appellant in any civil case shall fail to comply with Rule 12 requiring abstracts to be served and filed, the court, when the cause is called for hearing, will dismiss the appeal, or, at the option of the respondent, continue the cause at the cost of the party in default. Respondents have clearly indicated that they do not agree to the latter course.

A printed abstract not having been served and filed as is required by our rules and section 813, Revised Statutes 1899, the appeal will be dismissed. [Dean v. Brockman, 128 Mo. App. 77, 106 S. W. 592; Garrett v. Min. Co., 111 Mo. l. c. 281, 20 S. W. 25; Cunningham v. Union Pac. Ry. Co., 110 Mo. 208, 19 S. W. 822; Whiting v. Lead Co., 195 Mo. 509, 92 S. W. 883.] All concur.