WILLIAM R. COMPTON, Respondent, v. HANS M. RASMUSSEN, Appellant.

Kansas City Court of Appeals, November 21, 1910.

APPEAL AND ERROR: Sufficiency of Abstract. Where essential parts of the record on appeal consist of minute photographic copies, presented in such reduced size that they cannot be plainly made out, and the record does not show in what portions essential points made by appellant may be verified or examined, the record will not be considered on appeal.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

APPEAL DISMISSED.

*Matthews & Son* for appellant.

(1) While the law permits a prima facie case to be made on the introduction of the taxbills, yet if plaintiff chooses to plead the ordinances, resolution, contract specifications, and that they were duly enacted and passed it devolves on plaintiff to prove them

and destroys their right to make a prima facie case. "No allegation should be made which the law does not require to be proved." Mark v. Cooperage Co., 204 Mo. 261. (2) The city council may by ordinance include in the special assessment for paving, macadamizing, etc., the cost of bringing to the established grade said street proposed to be improved; provided the resolution declaring said paving necessary to be done, it also declares that said street, avenue and alley or part thereof shall be brought to the established grade. Laws 1901, p. 65, last part of section 5858; City of Kirksville ex rel. v. Coleman, 103 Mo. App. 222. (3) Grades of a city can be established only by ordinance. R. S., sec. 5858, second division. Meldon v. Trenton, 67 Mo. App. 453; Stewart v. Clinton, 79 Mo. 3. (4) In the laws for paving, curbing and grading under which the work was done, the term established grade is used all through, likewise is it used in the law which gives the right to pave the street, hence before a street can be paved it must be brought to the established grade. See Laws 1901 relative to paving, p. 65, sec. 5858; City of Kirksville ex rel. v. Coleman, 100 Mo. App. 222. (5) An established grade is necessary for many reasons, to determine costs, in order to make a permanent improvement, to locate the paving, etc. State ex rel. v. Judges, 53 N. W. 800; State ex rel. v. District Court, 46 N. W. 549.

*B. R. Dysart* for respondent.

If the court is inclined to refuse the respondent's motion to dismiss the plaintiff's appeal, and take the appellant's printed transcript as and for an abstract, then it is submitted by the respondent that the appellant has shown no good cause for a reversal of the judgment below. This record shows a substantial compliance with the law, and the judgment of the circuit court ought not to be reversed. It is submitted that

all objections and contentions of the appellant are answered by the following cases. Sedalia ex rel. v. Smith, 206 Mo. 346, overruling the case of Sedalia v. Abell, 104 Mo. App. 431; Joplin ex rel. v. Freeman, 125 Mo. App. 717; Joplin ex rel. v. Hollingshead, 123 Mo. App. 602; Bridewell v. Cockrell, 122 Mo. App. 196; Session Acts 1901, p. 63; Session Acts 1903, p. 79; Session Acts 1907, p. 103.

PER CURIAM—This action involves the validity of certain taxbills for street paving in the city of Macon. The judgment in the trial court was for the plaintiff and defendant appealed.

Plaintiff insists that the appeal was dismissed on the ground that there has been no compliance on defendant's part with the statute and rules requiring a proper abstract to be filed. The point is well taken. The record and proceedings at the trial are quite voluminous, and we have had printed a literal copy of everything that transpired at the trial. Among the principal, if not principal, points urged by defendant against the validity of the bill is that the property sought to be charged did not abut upon Jackson street, the street which was paved. That it lacked several feet of coming out to that street. It was a matter of dispute whether the area said to be known as Jackson street was not composed in part of Dameron street. In the contest at the trial as to these streets there was much evidence introduced, particularly of plats of parts of the city of Macon, and additions thereto, with dedications and acknowledgments. Several of these related to the laying out or dedication of the streets in controversy, beginning back in the early days of the city. Photographic copies of these are attached to the abstract, so reduced in size as to be of no value, the written or printed matter, including figures, cannot be made out.

In addition to this, there is not pointed out in what portions of the lengthy record many of the points made by defendant may be verified or examined.

The record is in such condition as to render it altogether impracticable for us to intelligently examine into the merits of the appeal, and it is accordingly dismissed. [Coal Co. v. Ry. Co., 134 Mo. App. 405.]

## ON REHEARING.

PER CURIAM—Since plaintiff's motion to dismiss the appeal was filed and since the cause was submitted on the motion, defendant, without leave of court, has filed a supplemental abstract attempting to cure defects complained of by plaintiff. This cannot be allowed. [Harding v. Bedoll, 202 Mo. 625.] Besides such additional abstract is in lead pencil and for that reason cannot be permitted.

A re-examination of the record satisfies us that plaintiff's objections to the abstract are well taken, and the appeal must be dismissed.