Bank of Kennett, a Corporation, Appellant, v. Sallie M. Tatum, Administratrix of the Estate of L. P. Tatum, Sallie M. Tatum, Mary Tatum, and John T. McKay, Trustee, and C. L. Baldwin. —100 S. W. (2d) 475.

Division Two, December 23, 1936.*

*Hal H. McHaney* for appellant.

*John A. McAnally* and *John T. McKay* for respondents.

———

*NOTE: Opinion filed at May Term, 1936, August 20, 1936; motion for rehearing filed; motion overruled; motion to transfer to Court en Banc filed; motion overruled at September Term, December 23, 1936.

BOHLING, C.—Action to quiet and determine title to certain real estate in Dunklin County, Missouri, and to cancel a certain purported deed of trusts, securing certain indebtedness therein described, against said real estate. The condition of the record makes a further statement on the merits unnecessary.

This appeal was prosecuted by filing a short form of transcript, and in due course the cause was docketed, argued and submitted on January 23, 1936. Appellant, Bank of Kennett, a corporation, served its abstract of the record on respondents, Sallie M. Tatum, administratrix of the estate of L. P. Tatum, deceased; Sallie M. Tatum and Mary Tatum, and John T. McKay, Trustee, and C. L. Baldwin, respondents, on December 9, 1935, and filed the same here December 11, 1935. Thereafter on January 11, 1936, respondents served their statement, brief and argument on appellant. In said brief and upon oral argument, respondents urged that the appeal should be dismissed because of appellant's failure to comply with Rule 13 of this court in that the abstract of record did not have a complete or any index at the end thereof; and, since the abstract of the bill of exceptions failed to show the filing and overruling of the motion for new trial, with exceptions saved, that the judgment and decree should be affirmed, as no error existed in the record proper. Appellant filed in this court on January 20, 1936, a supplemental abstract supplying the defects pointed out by respondents, including a purported complete index at the close of said supplemental abstract. Neither consent of counsel for respondents nor leave of this court was asked or obtained to file said supplemental abstract.

Rule 13 of this court requires the abstract mentioned in Rules 11 and 12 to be "paged and have a complete index at the end thereof, which index shall specifically identify exhibits where there are more than one. . . ." The second paragraph of Rule 11 and the second

paragraph of Rule 13 were added to the rules of this court by amendments adopted December 29 and 31, 1920, respectively. [280 Mo. ii, appendix.] Previous to the effective date of said amendments, it had been uniformly held and had become the settled law in this jurisdiction that amended or supplemental abstracts correcting defects, justifying a dismissal or affirmance, in the original could not be filed without leave of court and, if lodged in the clerk's office without leave, would not be considered; and that leave to file such an abstract would not be granted after the opposing party had served his brief or other writing making an issue of the defect. [State ex rel. v. Bender (Mo.), 239 S. W. 833, 834 (1), and cases cited; Harding v. Bedoll, 202 Mo. 625, 637, 100 S. W. 638, 642.] The second paragraphs of Rules 11 and 13 (the amendments aforesaid) contemplate the correction of certain specific defects in an original abstract by an amended or supplemental abstract filed after opposing party has directed attention to any of said specified defects in the original abstract; but neither of said amendments undertakes to effect any change in the then existing provisions of Rule 13 requiring "a complete index." We, therefore, have before us for consideration only the original abstract filed on December 11, 1935, in connection with respondents' contention the appeal should be dismissed, as no attempt was made to perfect any filings under Rule 14.

The original abstract contains no index whatever. We recently had occasion to review the precise issue here presented in Payne v. Payne, 338 Mo. 224, 89 S. W. (2d) 665. What is there said, and in the cases there cited, we must approve. (See also remarks with reference to the "index" in Garrett v. Kansas City Coal Mining Co., 111 Mo. 279, 282, 20 S. W. 25, 26.) The instant abstract is more voluminous than the abstract in the Payne case, and we note several exhibits were introduced in evidence. The rules of this court are not difficult to follow, and the requirement that the abstract have a complete index is not unreasonable. It applies alike to all appeals, to all litigants and to all representatives of litigants in civil cases; and must be construed on one appeal just as it has been construed on others. While we are loath to dispose of an appeal in this manner and have been liberal in the construction of our rules, it would be better to repeal our rules than to annul them by construction. So long as they remain in force the opposing litigant has rights to their reasonable enforcement which cannot be ignored.

We have devoted to the several contentions presented by appellant the time and study necessary for their disposition on the merits; and, after full investigation and review of the authorities, have reached the conclusion the lien of the deed of trust involved in the proceedings, to the extent decreed in the judgment of the trial court, would have to be sustained. However, the application of our rules precludes a discussion of said issues on their merits.

Accordingly, applying our Rule 16, the appeal is dismissed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.