Brand v. Cannon.

---

BRAND *et al.* v. CANNON *et al.*, *Appellants*.

Division Two, December 16, 1893.

Supreme Court Practice: ABSTRACT OF RECORD: DISMISSAL OF
   APPEAL.     The burden is on the appellant to prepare and file a proper
   printed abstract of the record, and, where the one filed is wholly
   insufficient on its face, respondent is not required to file a complete
   or additional one, but is entitled to have the appeal dismissed.

*Appeal from Pettis Circuit Court.*

APPEAL DISMISSED.

*Charles W. Chase, Sangree & Lamm* and *W. B. C.
Brown* for appellants.

*Jackson & Montgomery* for respondents.

The motion to affirm for failure to prepare and file in this court a sufficient abstract is justified by the following authorities: *Long v. Long*, 96 Mo. 180; *Jayne v. Wine*, 98 Mo. 404; *Craig v. Scudder*, 98 Mo. 664; *Clark v. Fairley*, 100 Mo. 236; *Snyder v. Free*, 102 Mo. 325; *Thompson v. Allen*, 107 Mo. 480; *Cunningham v. Railroad*, 110 Mo. 208; *Garrett v. Coal Co.*, 111 Mo. 279.

GANTT, P. J.—This is an appeal from the circuit court of Pettis county. Appellants have filed what purports to be an abstract of the record, under rules 11, 12 and 13, of this court. Respondents filed a motion to affirm the judgment and suggestions in support thereof, on the first day of this term, and on account of the sickness of counsel for appellants, the time was extended to enable them to file suggestions in opposition.

The motion to affirm is based upon the insufficiency of the abstract under the rules. It is unnecessary to repeat those rules here, as they are to be found in each of the late volumes of the reports. They were designed and intended to expedite the determination of causes in this court and to aid the court in grasping the points of difference between counsel, and the questions upon which a reversal was asked.

The question here presented, however, shows how futile our efforts have been. Appellants have filed a printed book of four hundred and twenty-three pages, which they denominate an abstract. This abstract is here in lieu of a complete transcript, by virtue of section 2253, Revised Statutes, 1889. It is challenged by respondents, because on its face it does not purport to be an abstract of all the record, necessary for the determination of the cause.

The cause is one in which there is a contest over the will of Sarah E. Brand, late of Jackson county, and it was alleged in the petition that she was not of sound mind when she executed the paper writing. There was a verdict for the plaintiffs or contestants in the circuit court.

It is shown that there were one thousand and sixty-five pages of type-written matter of the evidence alone. Among other grounds for reversal appellants urge that the verdict was contrary to the evidence; that the court committed error in giving and refusing instructions; and error in permitting medical experts to answer the hypothetical questions propounded by respondents because said questions assumed matters not in the evidence.

It is apparent that it is important to respondents that the substance, at least of all the evidence, shall be before us to enable us to rule upon the propriety of some of these questions. By the issue thus raised we have been driven to an examination of this abstract to determine its sufficiency. The first seven pages contain a seemingly fair and clear statement of the pleadings. Then follows about four hundred pages of extracts from the evidence. No attempt is made to state the substance, *nor is it stated in a narrative form,* nor are there any explanatory headings or words to indicate the object of the evidence, but it consist wholly of literal excerpts of the questions and answers, as they appeared in the bill of exceptions. Many omissions occur, but it is not explained whether the omitted matter is material or immaterial. Among others, Dr. Clough's testimony is entirely omitted.

Respondents have with great care filed a comparative list, showing how much of the evidence is omitted. To the suggestions of respondents, appellants reply that if they desire the omitted record, they could file it

in an additional abstract.   But it is apparent at once that this is not the spirit of our statute, or of our rules. When a party obtains a judgment of a court of competent jurisdiction in his behalf, the presumptions are all in favor of its validity, and the correctness of the means by which it was obtained, and the burden is on one who alleges error to show it.

The law of this state has cast upon the appellant, not the respondent, the *onus* of preparing a printed abstract of the entire record of the cause, which he shall serve on his opponent, and file in this court. Revised Statutes, 1889, section 2253.   If a party relying upon the provision that his opponent, if not satisfied, shall file a further abstract, can cast the burden on his adversary, by filing a wholly insufficient and garbled abstract, it can readily be seen that the burden will be on the respondent to maintain his judgment, and not on the appellant to reverse it.

Moreover, after the respondents have successfully prosecuted their suit to a judgment, there is no principle of justice that would require them to incur the labor and expense of furnishing this court with the information necessary to a proper determination of this appeal.   It may, and often does, happen that the respondent is too poor to be at this expense, and the appellant amply able to do so.

The respondents, in their motion have fully met the requirements of the decision of this court in *Garrett v. Coal Co.*, 111 Mo. 279.   As was said in that case, any lawyer ought to know in each case what is required.   Absolute exactness is not expected always. It is natural that counsel should differ as to the materiality of some things, and for that reason the respondents are permitted to supplement the abstract of appellants; but it was never intended that a mere perfunctory performance of this duty should cast the

expense on the respondent. Our laws are liberal in providing for reviews of the judgments of lower courts by this court, and it ought not to be considered onerous if we require of one who seeks to set aside a judgment, of a circuit or other court, that he should conform to the mode of procedure prescribed for that purpose. When the failure has been occasioned by accident, or honest oversight, we have always been ready to condone it; but, where it is palpable, the course followed generally has been to affirm the judgment or dismiss the appeal.

The appeal is dismissed for failure to comply with rules 11 and 12. All concur.