## VANDEVENTER v. GOSS, Appellant.

### Division One, July 1, 1905.

1. **APPEAL: Dismissal: Abstract.** Where appellant wholly fails to file an abstract of the record and the purported complete transcript does not contain all the evidence adduced before the referee and the trial court, the appeal will be dismissed for failure to comply with Rules 13 and 14.

2. ————: ————: **Transcript: Books.** In a suit for an accounting between partners, if the complete record does not contain the books and documentary evidence introduced at the hearing before the referee, the appeal will be dismissed.

3. ————: ————: ————: **Abstract.** Even though there were a complete transcript a failure to comply with Rules 12 and 13 which require appellant to prepare an abstract of the record in which is set forth so much of the record as is necessary to a full understanding of all questions presented to this court for decision, will result in the dismissal of the appeal. Appellant cannot proceed upon the theory that the Supreme Court will read the complete transcript when no abstract of the record has been furnished it.

Appeal from Monroe Circuit Court.—*Hon. D. H. Eby,* Judge.

APPEAL DISMISSED.

*J. H. Whitecotton, Thos. P. Bashaw* and *W. W. Barnes* for appellant.

*R. N. Bodine* and *W. T. Ragland* for respondent.

MARSHALL, J.—This is a proceeding in equity for the appointment of a receiver and an accounting between the parties in their relation of co-partners.

The petition alleges that the partnership was formed in 1870 for the purpose of farming, merchandising and milling, and that it continued to exist until March 14, 1893, when it was dissolved by mutual consent, and that during its continuance the defendant received $25,000 more than he was entitled to out of the partnership funds and assets. The answer admits the formation of the partnership, but denies the other allegations of the petition, and asserts that the plaintiff received $30,000 more than he was entitled to out of the funds and assets of the partnership. The case was referred, on the twenty-sixth of December, 1896, to a referee. The referee heard the case and made a report on the twenty-ninth of July, 1901, during the vacation of the court. Thereafter, on the twenty-ninth of August, 1901, the defendant filed exceptions to the report of the referee, specifying thirty-one grounds of exception. The court overruled the exceptions and approved the finding of the referee, and entered judgment for the plaintiff for $5,073.94. After proper steps the defendant appealed.

I.

The appeal in this case must be dismissed on account of a total failure by the defendant to comply with

rules 12 and 14 of this court. The defendant filed what purports to be a complete transcript, but he has wholly failed to file any abstract of the record, much less such an abstract as is required by rule 13. The purported complete transcript covers six hundred and eighteen typewritten pages, but even this does not contain all of the evidence that was adduced before the referee, and that the trial court had before it.

It does not contain the contents of the books and documentary evidence that were introduced in evidence before the referee, and therefore this court is not placed in a position to intelligently determine the various exceptions and errors saved and relied on, and even if the court could or would look into and examine the complete transcript, it would still be compelled to affirm the judgment of the trial court for this reason alone. [McCullough v. DeWitt, 163 Mo. 306.]

In addition to this, however, the plaintiff has not made any attempt whatever to comply with Rules 12 and 13 of this court, which require an abstract of the record to be prepared by the appellant, where the case is brought up on a complete transcript, and which require that the abstract shall set forth as much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision.

The appellant has filed what is styled on the cover as, ''Appellant's Abstract of the Record, Statement and Brief,'' but outside of such statement on the cover, there is nothing contained therein which bears any resemblance whatever to an abstract of the record. The pleadings, the order appointing the referee, the report of the referee, the exceptions to the report of the referee, the judgment of the court and the motions for new trial and in arrest, together with a recital of the rulings of the court thereon, and the asking of the appeal, are all that are set out. In the brief appellant

claims that the referee erred in allowing some thirty-four different items against him, and asserts that there was either no evidence whatever to support the finding, or that the finding was against the weight of the evidence, and as this is a proceeding in equity, he asks this court to review the evidence and reverse the finding of the referee and the judgment of the trial court.

Even in his brief, appellant does not set forth the evidence bearing upon the items of account complained of, but refers the court to some of the pages of the complete record, where testimony bearing upon the exceptions may be found, and in other instances claims that there is no testimony in the record to sustain the finding, and in still other instances contends that an examination of all the entries in all of the books of account that were in evidence before the referee, will show that the referee erred in the respects set out. The appellant does not even undertake to state the substance of all of the evidence or the names of the witnesses who testified in the case. In short, appellant proceeds upon the theory that this court will read the complete transcript when no abstract of the record has been furnished it.

The appellant has not brought himself within either the letter or the spirit of the rules of this court. In Brand v. Cannon, 118 Mo. l. c. 597, this court, per GANTT, J., said, in speaking of a record that was in like condition:

"It is shown that there were one thousand and sixty-five pages of typewritten matter of the evidence alone. Among other grounds for reversal appellants urge that the verdict was contrary to the evidence; that the court committed error in giving and refusing instructions; and error in permitting medical experts to answer the hypothetical questions propounded by respondents because said questions assumed matters not in the evidence. It is apparent that it is important to respondents that the substance, at least, of all the

evidence shall be before us to enable us to rule upon the propriety of some of these questions. By the issue thus raised we have been driven to an examination of this abstract to determine its sufficiency. The first seven pages contain a seemingly fair and clear statement of the pleadings. Then follows about four hundred pages of extracts from the evidence. No attempt is made to state the substance, nor is it stated in a narrative form, nor are there any explanatory headings or words to indicate the object of the evidence, but it consists wholly of literal excerpts of the questions and answers, as they appeared in the bill of exceptions. Many omissions occur, but it is not explained whether the omitted matter is material or immaterial. . . . Respondents have with great care filed a comparative list, showing how much of the evidence is omitted. To the suggestion of respondents, appellants reply that if they desire the omitted record, they could file it in an additional abstract. But it is apparent at once that this is not the spirit of our statute, or of our rules. When a party obtains a judgment of a court of competent jurisdiction in his behalf, the presumptions are all in favor of its validity, and the correctness of the means by which it was obtained, and the burden is on one who alleges error to show it.

"The law of this State has cast upon the appellant, not the respondent, the *onus* of preparing a printed abstract of the entire record of the cause, which he shall serve upon his opponent, and file in this court. [R. S. 1889, sec. 2253.] If a party relying upon the provision that his opponent, if not satisfied, shall file a further abstract, can cast the burden on his adversary, by filing a wholly insufficient and garbled abstract, it can readily be seen that the burden will be on the respondent to maintain his judgment, and not on the appellant to reverse it.

"Moreover, after the respondents have successfully prosecuted their suit to a judgment, there is no

principle of justice that would require them to incur the labor and expense of furnishing.this court with the information necessary to a proper determination of this appeal. . . . Our laws are liberal in providing for reviews of the judgments of lower courts by this court, and it ought not to be considered onerous if we require of one who seeks to set aside a judgment, of a circuit or other court, that he should conform to the mode of procedure prescribed for that purpose. When the failure has been occasioned by accident, or honest oversight, we have always been ready to condone it; but, where it is palpable, the course followed generally has been to affirm the judgment or dismiss the appeal.''

And accordingly the appeal was dismissed.

In Halstead v. Stone (147 Mo. l. c. 652), it was said: ''We have every disposition to be lenient in construing questions of compliance with these rules and with this statutory provision, but under the most liberal construction possible the appellant in this case can not be held to have complied with them. There is, in fact, no semblance of an abstract in the case, and except for that word appearing on the cover and at the beginning of the printed matter inside, no one would have imagined that it purported to be an abstract. The testimony of the witnesses is not set forth in narrative form or otherwise. . . . It is not only the right of the respondent to insist upon a substantial and reasonably fair compliance with the rules, but it is a duty which the appellant owes to the court to bring himself within their requirements. . . . These rules are not mere arbitrary requirements. They are founded upon experience, and when fairly observed facilitate the transaction of the business of the court, and expedite the determination of litigation.'' Accordingly the appeal was dismissed.

These principles were again affirmed in Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Murrell v. McGuigan, 148 Mo. 334; Clements v. Turner,

162 Mo. 466; Smith v. Baer, 166 Mo. 1. c. 404; and Whitehead v. Railroad, 176 Mo. 1. c. 479.

In the last case cited it was said: "There is no effort to abstract the evidence at all, and that of only three witnesses is mentioned, whereas eleven other witnesses testified. The pertinency of this observation will be seen when we note that plaintiff says the circuit court directed a verdict for the defendant and the jury returned a verdict. Now it is evident that if we are to review the action of the circuit court on a demurrer to the evidence we are entitled to an abstract of the testimony of all, not merely three, witnesses. Moreover, it often happens that a fragment of testimony standing alone appears to be incompetent, or was erroneously excluded, but when viewed in the light of all the testimony and the rulings of the court it is entirely proper or at least harmless. We have been very conservative in the enforcement of these rules, but a number of cases will show that when the appellant disregards the rules to such an extent that his so-called abstract will necessitate the preparation of one by this court, or the burden and cost of so doing will be entailed on the respondent, we have enforced them by dismissing the appeal."

The appellant herein by failing to file any abstract whatever, and by simply referring the court to the complete, or rather incomplete, transcript, would thereby shift onto the court the necessity of making an abstract of the complete record before it could intelligently pass upon the exceptions relied on by the appellant. This is a burden that this court has always refused to bear. Counsel, who have grown up with a case, are necessarily familiar with the facts adduced upon the trial thereof and can more easily and readily abstract the record and bring out the salient facts in the case than the judge of the appellate court can do. For the matter to such judge is wholly new matter. This is one of the reasons underlying the rules of this court. Another reason equally cogent is, that counsel are employed by liti-

gants to do such work, and the people of the State have not imposed that duty upon the judges of this court, and do not expect them to spend so much of their time in the performance of such labor.

From the foregoing it appears that the appellant has not presented his case in such shape that this court can intelligently pass upon the questions presented by him for adjudication. For these reasons the appeal in this case is dismissed.

All concur.