## CLAY JENKINS v. SHANNON COUNTY, Appellant.

**Division One, March 1, 1910.**

1. **APPEAL: County a Party.** An appeal from a judgment in a case to which a county is a party, is to the Supreme Court.

2. ———: ———: **Abstract: What Rules Govern.** Where the case should have been appealed in the first instance to the Supreme Court, but was wrongfully sent to the Court of Appeals, and by that court rightly transferred to this, and the abstract and brief were prepared for this court after the cause reached it, the rules governing their sufficiency and filing are the rules of this court, and not those of the Court of Appeals.

3. ———: **No Abstract of Evidence.** The court will not go to the transcript filed in this court for the evidence in a civil case. Unless it is abstracted in a printed abstract it will not be considered on appeal. References to the transcript in the briefs are not sufficient.

4. ———: ———: **Affirmance.** Where the record proper is properly abstracted, and shows a claim upon which a judgment for plaintiff, such as was entered, might have been properly entered, had there been proof to sustain it, and the evidence cannot be considered because locked up in a transcript which has not been abstracted, the judgment will be affirmed.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

Affirmed.

*James Orchard* for appellant.

GRAVES, J.—This case reaches us under a mandate of the St. Louis Court of Appeals. A county is the party defendant and the appeal should have been

to this court and not the court of appeals. The case, therefore, was rightfully transferred here. Abstract of record and brief for the appellant were prepared after the cause reached this court. That being true, our rules must govern as to what must be contained in the abstract of record. It is true that in cases first presented to the St. Louis Court of Appeals, their rules being different from ours, and afterwards certified to this court, we have held that inasmuch as the abstract was sufficient under the rules of the St. Louis Court of Appeals, the same would be held sufficient here. But that is not this case. Here the appeal should have been granted to this court in the first instance, and no abstract of the record was made or filed in the St. Louis Court of Appeals. It is made for the first time in this court and therefore must be under the rules of this court.

From the abstract of the record proper it appears that Clay Jenkins, ex-treasurer of the county of Shannon, presented to the county court of said county an account for the allowance of $60 as balance of his salary as county treasurer. The account was not allowed and an appeal was taken to the circuit court. There the case appears to have been tried *de novo,* and a bill of exceptions duly filed. The circuit court found for the plaintiff and its judgment is set forth in the abstract of record. The case reaches this court on what we know as a long transcript. The contents of the bill of exceptions and the proceedings of the trial are not abstracted. The evidence upon trial is not abstracted, and we are referred to the bill of exceptions, as contained in the transcript, for all such matters. In view of the very recent and numerous holdings of this court, this is not sufficient. We shall not reiterate points heretofore decided, nor cite the cases, because to us it would seem a matter uncalled for in view of the very recent as well as the long continued discussion of them. The record proper, which is properly

abstracted, shows a claim upon which a judgment, such as was entered, could have been entered properly, had there been proof to sustain it. This proof is locked up in the bill of exceptions which has not been abstracted. We have repeatedly held that the printed abstract must cover the evidence, and that we will not go to the transcript for such evidence. Under these holdings there is nothing to do except to affirm the judgment below, which is accordingly done. All concur.