S. D. THOMPSON, Appellant, v. C. R. CARR et al.,
Respondents.

### In the Springfield Court of Appeals, May 2, 1910.

APPELLATE ·PRACTICE: Defective Abstract. A purported ab-
stract .contained some excerpts from the testimony, motions for
new trial and in arrest, and two instructions of which com-
plaint was made, but there was nothing to show that the bill
of exceptions contained any of the matters of exception: *Held*,
that the appellate court could not pass on these matters and
that because of the defective abstract the appeal should be dis-
missed.

Appeal from Christian Circuit Court.—*Hon. John T.
Moore*, Judge.

APPEAL DISMISSED.

*G. Purd Hays* and *W. A. Long* for appellant.

*J. J. Gideon* and *G. A. McCafferty* for respondents.

COX, J.—The purported printed abstract of the
record filed in this court is wholly insufficient. The pur-
ported abstract of the record copies the pleadings, some
excerpts from the testimony, a motion for new trial
and in arrest of judgment, two instructions of which
complaint is made, but there is nothing to show that the
bill of exceptions contained any of these things of which
the appellant now complains. The only thing in the
purported abstract of the record which gives us any in-
formation that a bill of exceptions was ever filed at all
is the following:

#### "ADMISSIONS."

"It is admitted that the lumber replevined in this
action was cut from the timber grown on the land on
which plaintiff, S. D. Thompson, had a deed of trust,

and that the bill of exceptions was duly signed on the 3d day of December, A. D. 1906, and made part of this case by Hon. John T. Moore, judge of the Thirty-first Judicial Circuit of Missouri."

The plain mandates of the statutes, sections 813, 814, Revised Statutes 1899, makes it the duty of the court to promulgate rules, and the duty of the appellant to furnish abstracts of record. These sections and rule fifteen of this court, promulgated in conformity therewith, clearly point out the duty of an appellant in relation to this matter. It seems that this case first went to the St. Louis Court of Appeals and was transferred from that court here, but the rules in that court, as well as the provisions of the statute above referred to have not been changed by the rules of this court, but if anything further is desired on the question reference may be made to the following cases: Whiting v. Big River Lead Co., 195 Mo. 509, 92 S. W. 883; McLaughlin v. Fisher, 188 Mo. 546, 87 S. W. 913; Whitehead v. The Railroad, 176 Mo. 475, 75 S. W. 919; Clements v. Turner, 162 Mo. 466, 63 S. W. 84; Vandeventer v. Goss, 190 Mo. 239, 88 S. W. 610; Harding v. Bedoll, 202 Mo. 625, 100 S. W. 638.

The complaint in this case seems to be that the court erred in admitting and excluding testimony, and in the giving and refusing instructions. These are matters that cannot be preserved except by the bill of exceptions, and as the abstract of record furnished us by the appellant does not show anything that was contained in the bill of exceptions, if there was one, we cannot pass upon these matters.

It is to be regretted that the Supreme and appellate courts of this State are constantly forced to dismiss appeals without passing upon the merits of the controversy, but the statute requires that an abstract of record shall be furnished, the rules of the court require it, and it is an absolute necessity for the proper dispatch of business. The statute must be complied

with, and the rules of the court enforced or the business of the court cannot be properly transacted. The appeal in this case will be dismissed. All concur.