BANK OF WILLOW SPRINGS, Appellant, v. J. T. SMITH et al., Respondent.

**Springfield Court of Appeals, December 5, 1910.**

**APPELLATE PRACTICE: Defective Abstract: Filing Bill of Exceptions.** Where the printed abstract failed to show that a bill of exceptions was filed, and also failed to show that any objections were made to the introduction of evidence at the trial, or to the instructions at the time the court passed on the same, nothing but the record proper can be considered by the appellate court.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*J. S. Clarke* for appellant.

*J. W. Thornbury, A. H. Buchanan* for respondents.

(1) Appellants have not filed in this court an abstract such as is required by the rules of this court, and the statutes and laws of the state. R. S. 1909, secs. 2048, 2051; Novinger & Son v. Railroad, 131 Mo. App. 337; Cross v. Henderson, 129 Mo. App. 537; Clay v. Publishing Co., 200 Mo. 665; Harding v. Bedoll, 202 Mo. 625; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407; Harris v. Wilson, 199 Mo. 412; Brand v. Cannon, 118 Mo. 595; Ely v. Coontz, 167 Mo. 371; Banks v. Hutton, 224 Mo. 52.

GRAY, J.—This suit was commenced before a justice of the peace in Douglas county, October 7, 1908, by filing with the justice a promissory note. The defendants obtained a judgment before the justice, and plaintiff appealed. The trial in the circuit court also resulted in a judgment for defendants, and plaintiff appealed to this court.

The defendants challenge the sufficiency of plaintiff's abstract of the record, and claim that on account of the defects therein, matters of exception are not before us for review. The abstract does not show that any bill of exceptions was filed. The only reference to a bill of exceptions is the following: "Appellant given ninety days within which to file its bill of exceptions." There are some instructions found in the so-called abstract of the record, but no objections to the action of the court on the same are found in the record. The same is true as to the evidence. The abstract shows that plaintiff excepted to the action of the court in overruling the motion for new trial in arrest, but it does not show that any objections were made to the introduction of evidence at the trial or to the instructions at the time the court passed on the same. The objection to the abstract is well taken. [Jenkins v. Shannon Co., 226 Mo. 187, 125 S. W. 1100; Thompson v. Carr, 143 Mo. App. 581, 128 S. W. 35.]

There is no reversible error found in the record proper, and as matters of exception are not before us, there is nothing to do but to affirm the judgment, which is accordingly done. All concur.