M. L. PECK, RESPONDENT, v. GREAT AMERICAN INSURANCE CO., APPELLANT.—90 S. W. (2d) 415.

Kansas City Court of Appeals. January 27, 1936.

*T. N. Haynes, Lamkin A. James* and *Clarence A. Chilcott* for respondent.

*Thomas & Thomas* and *Crouch & Crouch* for appellant.

SHAIN, P. J.—We gather from all the documents filed in this case that this is a suit for loss by fire of a dwelling house in Slater, Saline County, Missouri, that belonged to Frank R. Miller and Ethel Miller, his wife, who held title to estate by entirety. It appears that the Great American Insurance Company of New York had issued to the Millers a fire insurance policy on their dwelling house for the sum of $4,000. It appears that the policy in question has provision for arbitration in case of loss and that there had been an attempt to make an award by arbitration and that, for reasons declared upon as fraudulent, said award was not accepted by the Millers.

It is further shown that the Millers made a full assignment of their claim against the insurance company to one M. L. Peck and Peck brought the present suit against the insurance company.

The suit is for the full face of the policy together for interest and penalties and attorney fees.

There was a trial before a jury and a verdict was rendered in favor of the plaintiff for the full amount of the policy, interest, damages and attorney fees amounting to $5,049.42.

Judgment was entered in accordance with the verdict. Thereafter a voluntary *remittitur* for $38.50, same alleged as interest accruing on the amount of $3,850, was made by plaintiff. From this judgment the defendant insurance company has appealed.

To conform to the situation as presented in the circuit court, the respondent will hereinafter be referred to as plaintiff and the appellant as defendant. This case was returnable to the October term, 1935, of this court and docketed to be heard on the fourth day of the December, 1935, call to-wit, December 5, 1935.

The appealing defendant filed a printed abstract of record on February 20, 1935, and filed brief on November 15, 1935. On November 27, 1935, the plaintiff filed two motions to dismiss the defendant's appeal. The first motion was based upon an allegation of violation of rule fifteen of this court and charges that the printed abstract filed by the defendant did not set forth the full abstract of the record and that the abridgment as filed is not sufficient to a full understanding of all the questions presented for our decision.

The above motion was supplemented by an additional abstract of the record. This additional abstract does not purport to supply, so as to present with the one filed, a complete abstract but purports only to be sufficient to sustain defendant's motion. This additional abstract was filed November 27, 1935.

In addition to above the defendant also filed, for the inspection of the court in passing upon the motion, the full typewritten bill of exception consisting of 423 pages.

The second motion filed by defendant is a motion to dismiss the appeal based upon alleged violation of rule sixteen of this court, wherein it is provided that, "the statement filed by the appellant

shall consist of a clear and concise statement of the case without argument reference to issues of law or repetition of testimony of witnesses.''

It is the usual custom of this court to dispose of motions for dismissal of appeals prior to the date set for hearing. However, the motions and voluminous documents in support were filed too late for proper inspection and consideration before date set for hearing and the case was presented by oral argument and defendant given ten days for a reply brief and suggestions in opposition to motions filed. The defendant on December 14, 1935, filed its reply brief and suggestions and the motions are taken up with the case and receive first consideration.

OPINION ON MOTIONS.

As the defendant's first motion charges insufficient abstract to permit the court to pass upon questions presented, we follow the usual course of examination of an appellant's brief to ascertain what questions are presented for our decision. In so proceeding, we first turn to the statement of the case. To follow in logical sequence, we herein give consideration first to the plaintiff's motion directed to defendant's statement.

In the statement complained of herein, which consists of fourteen printed pages, the first clause is as follows:

''This was a suit upon a fire insurance policy, brought by the plaintiff (respondent) as the assignee of Frank R. Miller and Ethel Miller, arising out of a fire loss to a dwelling house of the Millers in Slater, Missouri. From a verdict and judgment in favor of the plaintiff, the defendant has appealed.''

Further along in the statement, the following clause appears:

''The trial resulted in a verdict for the plaintiff in the sum of $3,950, representing the amount of fire damage, with $506.92 interest, damages of $192.50 for vexatious refusal to pay, and an attorney fee of $500. Motions for a new trial and in arrest of judgment were timely filed by the defendant, and, following a voluntary *remittitur* of $38.50 by the plaintiff on the award of interest, said motions were overruled, and the defendant prosecutes this appeal.''

Outside of the above, the statement proceeds to give a full page of purported synopsis of the plaintiff's petition; follows with a page of synopsis of defendant's answer and then proceeds with a full page synopsis of plaintiff's reply.

Following the above, the statement proceeds to briefly state the defendant's evidence in something more than three pages and follows this up by what purports to be a statement of the testimony of each of twelve witnesses offered by plaintiff. This consumes four more pages. In the following four pages the statement purports

to briefly state the testimony of six witnesses on behalf of defendant and one witness offered in rebuttal.

That the statement is in violation of the rule of this court goes without question. The conclusions of this court, touching the compliance with our rule sixteen, is so clearly and tersely stated by Judge TRIMBLE in the opinion in Euler v. State Highway Commission, reported in 55 S. W. (2d) 719, that we need not repeat the same here. The statement referred to above is on l. c. 722, of the above opinion in the conclusion stated in paragraph seven.

In making further investigation to ascertain the questions presented, we turn to defendant's brief and find that assignments of error were made as follows:

"1. The court erred in admitting the testimony of witness Page as to the value of the property and the replacement cost thereof.

"2. The court erred in giving plaintiff's instructions Nos. 1, 2, 3, 4 and 5 to the jury.

"3. The court erred in refusing to give defendant's Instruction No. B to the jury.

"4. The court erred in giving conflicting and contradictory instructions.

"5. The court erred in submitting plaintiff's Instruction No. 5 to the jury on the issue of vexatious delay.

"6. The court erred in refusing to give defendant's Instruction No. C.

"7. The verdict is excessive."

While the above assignments as made are insufficient for a proper review of the errors claimed, still the defendant under points and authorities cures many of the defects by therein with some particularity assigning reasons in support of claimed error, and, if not confronted with violations of rule sixteen, we might, if provided with a good and sufficient abstract, at least determine as to many of the questions presented. However, defendant's first motion herein attacks the sufficiency of the abstract filed.

As to the abridgment of records for the review of appellate courts, it is to be hoped that some satisfactory plan may be devised. Under the present situation abridgment is fraught with difficulty, if not agreed to by all parties. The trouble lies in the fact that an abridgment by the appellant alone is usually affected by a subconscious influence that impels an abridgment based upon the most favorable evidence supporting appellant's theory. This runs square counter to the position of the reviewing court, wherein we must consider only the evidence most favorable to the party for whom the jury found.

The typewritten bill of exceptions, filed for our inspection in the case at bar, contains over three hundred pages of solid oral testimony. This volume of testimony, we estimate, is abridged into approximately forty printed pages.

As before stated, we must refer to points and authorities in defendant's brief in order to find specified reasons for assignments of error.

As to the defendant's assignment one, we find, from examination of Page's testimony as same is abridged in defendant's abstract of the record, that there is not shown any objection or any ruling of the court nor is there shown any exception upon which the assignment of error is made.

Five of defendant's assignments are to the giving and refusing of instructions. The record filed shows seventeen instructions covering over twelve pages of the record. Eleven were given and seven refused.

While it might be possible for this court to read the volume of instruction in this case and detect some technical defect, still as instructions present the law as applied to the facts, it follows that for an appellate court to intelligently pass on same the court must be convinced that the record presents all the necessary facts that bear upon the issue presented.

The seventh assignment of error is that the verdict is excessive. Such an assignment necessitates a close study of all the evidence.

Our reference to and discussion of defendant's assignments of error is, of course, in consideration of plaintiff's motion to dismiss for reason of insufficient record.

It was early declared by the Supreme Court of Missouri that, where a judgment is reviewed, it *is prima facie* to be considered a right decision. The *onus probandi* lies on the appealing party to show that the verdict is wrong.'' [Riney v. Vanlandingham, 9 Mo. 816.]

Further, ''It is the duty in the first instance of an appellant to see that a complete abstract is furnished to the appellate court.'' [Vaughan v. Kansas City, S. & M. Ry. Co., 34 Mo. App. 141.]

While a respondent, if he chooses, may supply a full abstract of the record, still no such duty devolves upon the respondent and the course followed in this case is open to a respondent.

From a careful examination of all that has been filed for our consideration on the question, we cannot help but conclude that plaintiff's motion to dismiss for reason of violation of our court rule fifteen should be sustained.

Having early reached the conclusion that plaintiff's motion to dismiss for violation of our rule sixteen should be sustained, we might have ended the case there without further comment. However, as we are frequently confronted by the questions as presented in both motions filed, we feel that a full discussion as to both motions is advisable.

Appellate courts are not prone to shirk the duty of review when the briefs and abstracts properly present matters for decision. In

fact more time and labor is often required in consideration of situations presented by such motions as are considered herein than would be required in the case with unquestionable briefs and records.

For reasons stated above, the appeal herein is dismissed. All concur.