FRED BUEKER, JR., Trustee, Appellant, v. E. R. AUFDERHEIDE, W. E. HENNEMANN, H. A. KRAMME, EDWIN LANGENBERG, E. W. STEINBECK and A. F. BERGER.—136 S. W. (2d) 281.

Division One, January 23, 1940.

*Frank G. Warren, John Peters* and *E. M. Zevely* for appellant.
345 Mo. Sup.—53.

*Paul B. Dessieux, Joseph T. Tate, James Booth* and *James L. Anding* for respondents.

BRADLEY, C.—The Farmers & Merchants Bank of Owensville, Missouri, closed on August 15, 1932. In his own behalf and as assignee of other depositors, plaintiff, on August 22, 1933, commenced this cause against the directors to recover $88,084.52. The cause is based on the claim that when the deposits involved were made, defendants knew that the bank "was insolvent or in failing circumstances."

It would seem that this cause came about from certain activities of one William R. Parker who apparently was a stranger in Owensville and thereabout. Of Parker, plaintiff testified: "Parker is the man from St. Louis who came to see me about this matter. I couldn't say exactly how many times he came out to see me. He was there several different times. He asked whether I was connected with the banks at Owensville and I asked him who he was representing—the depositors or the creditors? And he said he was representing the depositors. He had a good reliable man, Henry Borrenpohl, who represented him to me. Parker told me that we might recover some of this money. He had the typewritten part of this paper (the assignment) made out when he came to see me, but he didn't have it signed at that time and he asked me to sign the petition. I had never seen him before he came out with the assignment. I signed the petition. I don't know where Mr. Parker is now.

"We promised to pay him according to the contracts. We agreed

in the contract to give Parker 16. 2/3% of what we might recover. I did not have anything to do with employing the lawyers, the contract tells who has the right to employ them. Parker employed the lawyers. I can't recollect how many times Mr. Parker came out. I don't think that I mentioned any certain times. I went around with Parker several days to get people to sign this paper. I went with him to show him the road. He had a list of the people.''

The paper called the *contract*, not dated, as it appears in the record, is as follows:

''We, the undersigned, hereby employ and authorize William R. Parker, doing business as the Banker's Audit Company to take such action as he may deem advisable to enable us to recover from the officers, directors and other persons liable for any and all losses that we have suffered or may suffer on account of the failure of the Farmers & Merchants Bank of Owensville, Missouri, to fully repay deposits made by us in said bank, and for his services in securing evidence, auditing, making collections, etc., we agree to pay him 16 2/3% of any amounts that may be recovered for us on said claims, whether by suit or compromise. We further authorize him to select and employ for us attorneys for the aforesaid purpose, and to agree for us and in our names to pay to said attorneys 16 2/3% of any amounts that may be recovered whether by suit or compromise, and if nothing is recovered, we shall owe said William R. Parker and/or said attorneys nothing for their services in this matter.

''For the purpose of preventing a multiplicity of suits, and for collection, we do hereby respectively assign our claims in the sum set opposite each of our names below to Fred Bueker, Jr., as trustee, and do authorize him to bring in his own name, and to act in all such cases in his own name, to the same extent as we ourselves could act in our names and stead (Here follows names and amounts).''

At the close of plaintiff's case (February 19, 1935), the court gave a peremptory direction to the jury to find for defendants. Plaintiff, thereupon, took an involuntary nonsuit with leave to move to set the same aside. Pursuant to such leave, plaintiff duly filed motion to set aside, which motion was overruled (June 13, 1935), and plaintiff appealed from the order overruling the motion to set aside, and that appeal was dismissed because premature. [Bueker v. Aufderheide et al. (Mo.), 111 S. W. (2d) 131.] The opinion dismissing the appeal was filed December 17, 1937, and on February 19, 1938, plaintiff filed petition in the circuit court for an order *nunc pro tunc* (so termed), and the court, after reciting the facts as to the peremptory direction, the taking of the involuntary nonsuit with leave, the motion to set aside, and the overruling of that motion, entered a judgment dismissing the cause, and the present appeal followed. Some of the troubles of the Farmers & Merchants Bank of Owensville appear in Landwehr v. Moberly, 338 Mo. 1106, 93 S. W. (2d) 935.

Respondents have filed a motion to dismiss the present appeal for the alleged reason, among others, that the abstract does not contain *all* the evidence, and does not contain some exhibits in evidence. Respondents have filed, as proof of their motion, an additional abstract which contains some of the omitted evidence and exhibits, and appellants concedes that he has not brought up all the evidence of the witnesses or all the exhibits in evidence. The only defense that appellant makes to the motion to dismiss is that he printed in his abstract all the evidence and all exhibits *material* on the question of the insolvency of the bank when the deposits involved were made.

■ In any appeal where the probative value of the evidence as a whole is an issue, it is the duty of the appellant to print in his abstract *all* the evidence, including exhibits in evidence. [Redler v. Travelers Ins. Co., 342 Mo. 677, 117 S. W. (2d) 241; Manchester Iron Works v. Wagner Construction Co. et al., 341 Mo. 389, 107 S. W. (2d) 89, l. c. 95; Colorado Milling & Elevator Co. v. Rolla Wholesale Grocery Co. (Mo. App.), 102 S. W. (2d) 681.] The Manchester Iron Works case, supra, concerned a situation similar, in principle, to the situation here, and the court, in that case, said (341 Mo. 389, 107 S. W. (2d) l. c. 95): "Such an abstract of evidence leaves it to counsel and not to this court to say what evidence is material. The holding of this court is that, 'It will not do to allow appellant's counsel to cull over the record, and present such evidence as they may think pertinent or material. The entire evidence must be set out, so that this court may, for itself, determine its materiality and probative force.'"

It is not just a few sentences here and there and parts of exhibits omitted from the present record, but, as appears from the additional abstract, evidence in substantial part and the whole of exhibits were omitted.

As said in the Redler case, supra, 342 Mo. 677, 117 S. W. (2d) l. c. 243, "this court has been liberal in the construction of its rules and the statute (Sec. 1028, R. S. 1929, Mo. Stat. Ann., sec. 1028, p. 1310), in order to determine cases on their merits," but we cannot ignore such a situation as here. The appeal should be dismissed and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.