WEIGHTSTILL WOODS, Plaintiff in Error, v. FRANK DOWD and M. N. SHERMAN, Defendants in Error.—137 S. W. (2d) 426.

Division Two, February 21, 1940.

*Richard H. Woods* for plaintiff in error.

*Roy D. Williams* and *Luther Adamson* for defendants in error.

COOLEY, C.—This case is here on writ of error. For convenience and brevity we shall refer to plaintiff in error as plaintiff and to defendants in error as defendants, as they were respectively styled in the circuit court.

On October 22, 1936, this court issued its writ, directed to the judge of the Eighteenth Judicial Circuit, commanding him to certify to this court a "perfect transcript of the record and proceedings" in a cause "lately pending" in the Circuit Court of Camden County wherein Weightstill Woods was plaintiff and Frank Dowd and M. N. Sherman were defendants, or in lieu of such transcript "a certified copy of the record entry of the judgment, order or decree, showing the term and day of the term, month and year upon which the same shall have been rendered, as the plaintiff in error shall direct . . ." In response to that writ the clerk of said Camden County Circuit Court certified to this court what purports to be a "transcript of the record" in said cause. It does not contain any of the evidence nor the bill of exceptions, if one was filed. It shows a record entry giving plaintiff leave to file a bill of exceptions "by first of next regular term" and an extension of said time, but does not show that such bill was ever allowed or filed.

Said transcript shows the filing of the pleadings and sets them out. There follows matter (exhibits) that could be preserved only by a bill of exceptions duly signed, allowed and filed, but no oral evidence; also record entries indicating that the trial was begun to a jury and that, when the evidence was in, the jury was excused by agreement of parties and the cause was taken as submitted to the court on the evidence which had been introduced. The record entry is "Jury waived and by agreement evidence to be considered as offered at this time." As well as we can gather from the transcript the court took the case under advisement and rendered judgment at the next term. The only record entry of judgment we find, made at the October Term, 1935 (the term subsequent to the trial term)—is this: "On this 24th day of October, 1935, again came the parties hereto and their attorneys and the court found 'Judgment for the defendants.'" The judgment is not set out, except as above quoted. There follow in the transcript copies of motion for new trial and in arrest of judgment, and record entries showing same overruled, and, as above stated, orders granting leave to file bill of exceptions and extension of such time, but no record showing the allowance or filing of such bill. Such is the "transcript."

Turning now to plaintiff's abstract of the record:

It does not show when or in what court the suit was filed. After styling the case it begins "Petition—Count One." Then follows the petition, a lengthy document, in two counts. Following that we find "Separate Answer of M. N. Sherman . . ." which is set out. Following that, "Plaintiff's reply." As set out in the abstract said

"reply" is but one paragraph of a lengthy reply to defendant *Dowd's* separate answer (as shown by the transcript), though in the *abstract* it purports to be the whole—and the only—reply filed. We find no reply, or reference thereto, in either transcript or abstract, to defendant's Sherman's separate answer, if there was one. [We shall refer to these pleadings later.]

As to the judgment the abstract shows: "Judgment Order." On this 24th day of October, 1935, again came the parties hereto and their attorneys, and the court found "judgment for the defendants;" and near the close of the abstract, this: "And afterwards, . . . the court rendered judgment herein, in favor of the defendants, as follows: (Clerk: Here copy judgment of the Court.)" But the judgment is nowhere in the record before us set out, either in transcript or abstract, except as above shown.

The issues made by the pleadings:

Plaintiff's petition is in two counts. The first is in form an ordinary action in ejectment for certain described lands in Camden County, asking judgment for possession and damages for unlawful detention and monthly rents and profits. In the second count plaintiff alleged that he was the owner of the lands described in the first count; that on August 1, 1932, he, being then the owner, conveyed said land by warranty deed, to defendant Frank Dowd, subject to the following "restrictions and conditions, which run with the land conveyed for a period of fifteen years from the date of the delivery of said deed," to-wit:

" '1. The land hereby conveyed may be used for a retail store selling fishing tackle, dry goods, groceries, queensware, tinware, kitchen wares, and table supplies, and other articles and goods for daily household consumption, and said land may be used for one single family residence. But said land is restricted against any other use."

There follow three other restrictions, numbered. 2, 3 and 4, which it is not claimed were violated and which, therefore, may be omitted. Then follows this paragraph:

"The above restrictions are accepted and approved by the grantee for himself and his grantees, his and their heirs, successors and assigns and in the event of a breach of any of said restrictions this conveyance shall at once become null and void, and the grantee, his grantees, his and their heirs, successors and assigns shall forfeit all rights in the premises conveyed, and the fee simple title and possession of said land, and every part thereof, shall by reversion vest in Weightstill Woods, and his heirs forever.' "

Said second count then alleges that defendants, Dowd and Sherman, in violation of the restrictions, maintained and operated a dance hall on the premises, permitted the operation of slot machines thereon, sold lager beer on the premises and permitted patrons of the dance hall

to have and drink intoxicating liquor on said premises, and have permitted and are permitting "lewd, lascivious and boisterous persons" to congregate in the dance hall and drink intoxicating liquor and operate slot machines therein; wherefore the title has been forfeited and has become revested in plaintiff. Said second count of the petition prayed determination of title and also injunctive relief. The petition is long. For the disposition we must make of this case the foregoing is a sufficient *resume*.

As we have forecast there was an answer filed by defendant Dowd, as shown by the transcript,—if we might look *to that*. It is long and besides denying the allegations of the petition as to alleged breach of the restrictions sets out reasons why plaintiff should not be allowed to claim forfeiture and further that if forfeiture of title should be declared said defendant was entitled to reimbursement for large expenses incurred and improvements made by him, pleading at length the reasons for such claim and the amount of the expenditures.

Defendant Sherman filed a separate answer, set out in the abstract, wherein he alleged that he claimed an interest in the real estate, that interest being a *lien* on the real estate, by virtue of an agreement between him and Dowd, for wages due him from Dowd for operating the store on the premises, aggregating $2300. He prayed judgment against *Dowd* for said amount and enforcement of his lien and general equitable relief. He did not assert *title* in himself but only a right to a lien. In this connection we note, also, that plaintiff did not assert in his petition that Dowd had conveyed to Sherman, either subject to the restrictions or otherwise, but only that Sherman claimed "some right, title or interest" in the property and that whatever right, title or interest he might have or claim was "subject and subservient" to the restrictions.

In that state of the pleadings the case went to trial. Plaintiff's *abstract* does not inform us whether the case was tried to a jury or to the court without a jury. The bill of exceptions, as abstracted, begins: "Plaintiff's Bill of Exceptions. Appearances . . ." Then follows the names of counsel and then the calling of witnesses and their testimony. From certain questions propounded to witnesses in the course of the trial it might be inferred that there was a jury—as, 'for example, "Tell the jury . . .," etc. Other than that the abstract does not inform us whether there was a jury or not or what became of it if there was one.

The evidence as shown by plaintiff's abstract is set out therein *in haec verba* by questions and answers. At the close thereof it is stated that "the above and foregoing" was all the evidence introduced—although several exhibits, shown to have been introduced, including one referred to as a "warranty deed" from Dowd to Sherman, are not set out or abstracted.

Defendant's have filed here what they denominate an abstract for

defendants in error. In this counter or additional abstract, however, they do not attempt or purport to supply deficiencies in plaintiff's abstract, except as to one item—an exhibit omitted by plaintiff which might have an important bearing on the case. Except for that exhibit they simply point out wherein plaintiff's abstract is incorrect and insufficient to comply with our rules. They point out that:

The testimony of one Richard Woods, called as a witness by plaintiff, recalled by defendants for further cross-examination and later recalled by plaintiff for further direct examination, covered in all fourteen pages—(typewritten we presume) of the bill of exceptions and comprised 129 questions and answers. None of this testimony is abstracted or even referred to in plaintiff's abstract. From that document it does not appear that Richard Woods testified at all. The same is true as to the testimony of witness L. W. Montavon, covering six pages of the bill of exceptions and comprising eighty questions and answers; of John Mooney, covering eight pages of the bill of exceptions and comprising ninety-eight questions and answers; of E. H. Harned, covering three pages of the bill of exceptions and comprising thirty-nine questions and answers; of Mrs. Charles Nathan, two pages and 11 questions and answers; Ernest Elliott, one page, eight questions and answers; Mrs. Lettie White, two pages, sixteen questions and answers; and Glen Chatterton, two pages, twenty-six questions and answers. Also the testimony of a Mr. Stultz (not shown how many questions and answers) is omitted in plaintiff's abstract. In addition defendants point out the omission from plaintiff's abstract of some 150 or so questions and answers of other witnesses and besides the omission of testimony contained in some 180 or more line of the bill of exceptions, the number of questions and answers in said omitted lines not being shown.

Defendants in their brief say the writ of error should be dismissed for plaintiff's failure to file a sufficient abstract in compliance with our rules. Our Rule 13 provides what the abstract shall show—in substance (with certain exceptions not here material), so much of the record as is necessary to be consulted in disposing of the assigned errors. Plaintiff counters by reference to our Rule 11, which provides, among other things, that if the respondent desires to object to consideration of any question ''because appellant's abstrict . . . fails to show the timely filing or the overruling of the motion for new trial or in arrest of judgment, or that the ruling on any such motion was excepted to, or that the bill of exceptions was duly signed or filed, or that the appeal was duly taken'' he must make his objections at the time and in the manner in said rule provided. Defendants' objections to plaintiff's abstract are not based upon violation of that rule. They go to the sufficiency of plaintiff's abstract under Rule 13—a rule designed to facilitate and expedite the work of this court. It applies to writs of error as well as to appeals. Our

Rule 10 says, "Whenever the words appellant and respondent appear in these rules they shall be taken to mean and include plaintiff in error and defendant in error and other parties occupying like positions in a case."

Plaintiff assigns error "in the finding and judgment for defendants" and that the court erred in failing "to make finding and to enter judgment for the plaintiff." In his "Points and Authorities" he limits himself substantially to the contention that ejectment is a proper and the only adequate remedy for breach of conditions in a deed, such as he pleaded, and reversion of title. But in his petition he asked for more than mere possession. He asked for declaration of forfeiture, for determination of title, and that the title be adjudged to him, also for injunctive relief. Defendant Sherman's answer did not claim *title* in him but only a lien and a judgment against his co-defendant, Dowd. Dowd's answer, setting up at length reasons why a forfeiture should not be adjudged and, if adjudged, why he should be allowed reimbursement for improvements, is not abstracted at all. A large portion of the evidence is not abstracted. On this question we must take defendants' counter or additional abstract as correct, since it is not disputed. The trial court heard all the evidence. We presume right, rather than wrong, action on the part of the trial court. How can we, as an appellate court, say that the circuit court's finding was against the evidence when so much of that evidence is not before us? And what was the judgment? It is not before us. That there was something more than the mere record entry that the court found "Judgment for the Defendants" is indicated in plaintiff's abstract where he says, "the court rendered judgment herein, in favor of the Defendants, as follows: (Clerk: Here copy judgment of the court.)" That judgment, as we have said, is not before us. Under the pleadings a simple judgment entry "Judgment for the defendants" and nothing more, would hardly dispose of the issues presented. But evidently there was more and it is not presented to us.

It seems clear to us that plaintiff's abstract is insufficient. In such situation what are we to do with the case? Under our rules a respondent *may,* by additional abstract, present matters that should have been presented by appellant's abstract, in which case such matters are before us for review. But *must* he do so? We think not. The spirit and purpose of our rules is expressed in Brand v. Cannon, 118 Mo. 595, 597, 24 S. W. 434, wherein the court, dismissing an appeal for noncompliance with our rule as to filing of an abstract, said:

"Respondents have with great care filed a comparative list, showing how much of the evidence is omitted. To the suggestions of respondents, appellants reply that if they desire the omitted record, they could file it in an additional abstract. But it is apparent at

once that this is not the spirit of our statute, or of our rules. When a party obtains a judgment of a court of competent jurisdiction in his behalf, the presumptions are all in favor of its validity, and the correctness of the means by which it was obtained, and the burden is on one who alleges error to show it.

"The law of this State has cast upon the appellant, not the respondent, the *onus* of preparing a printed abstract of the entire record of the cause, which he shall serve on his opponent, and file in this court. [Revised Statutes 1889, section 2253.] If a party relying upon the provision that his opponent, if not satisfied, shall file a further abstract, can cast the burden on his adversary, by filing a wholly insufficient and garbled abstract, it can readily be seen that the burden will be on the respondent to maintain his judgment, and not on the appellant to reverse it.

"Moreover, after the respondents have successfully prosecuted their suit to a judgment, there is no principle of justice that would require them to incur the labor and expense of furnishing this court with the information necessary to a proper determination of this appeal. It may, and often does, happen that the respondent is too poor to be at this expense, and the appellant amply able to do so."

The court further said that when the failure has been occasioned by accident or honest oversight we have always been ready to condone it; but, where it is palpable, the course followed generally has been to affirm the judgment or dismiss the appeal.

Brand v. Cannon, supra, was approved and followed in Vandeventer v. Goss, 190 Mo. 239, 88 S. W. 610.

In Calkins v. Engle, 221 Mo. App. 1173, 300 S. W. 997, the appellant filed an incomplete abstract of record. In order to show that said abstrct was incomplete the respondent filed an "additional abstract" setting out some additional evidence but declining to furnish a complete abstract (as in the case before us). In said additional abstract the respondent showed that the appellant had filed a "very incomplete abstract of the evidence." The court held that while the respondent could bring up the omitted evidence he was not obliged to do so but that where the appellant's abstract does not show on its face that it is incomplete the respondent may file an additional abstract showing that the appellant's abstract is incomplete and at the same time decline to furnish a complete abstract. The court (K. C. Court of Appeals) was construing its Rule 15, which in this respect is similar to our Rule 13. We believe the same construction should be given our rule. The instant case illustrates the propriety of such construction. In order to determine the question presented for decision it is necessary that the court have the evidence before it. Plaintiff's abstract purports to present all the evidence but does not in fact by any means do so. An appellant should not be permitted to abstract or set forth only such of the evidence as *he* deems

necessary (or perchance as he thinks favorable to him) and by saying in his abstract that such was all the evidence compel the respondent to incur the expense and trouble of presenting the remainder of the evidence by an additional abstract. Also, the judgment and part of the pleadings and some exhibits are omitted. Our Rule 16 says that for failure to comply with Rules 11, 12, 13 and 15, the appeal *or writ of error* (italics ours) will be dismissed or at the option of the respondent continued, at the cost of the party in default. Defendants here ask dismissal. That a writ of error (as distinguished from an appeal), *may* be dismissed, see our Rule 16, supra, and Ross v. Bewley (Mo.), 178 S. W. 495. [Consult, also, 2 Houts Missouri Pleading and Practice, Ann., secs. 532, 533.]

For the reasons indicated the writ of error herein should be dismissed. It is so ordered. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.