LOUIS G. FEARS, Appellant, v. NEWMAN MERCANTILE COMPANY, LEWIS TRUE, W. O. BRADSHAW and M. C. ROBINSON.—156 S. W. (2d) 909.

Division Two, December 16, 1941.

*Russell Mallett, W. O. Hanks* and *R. A. Pearson* for appellant.

*Scott & Scott* for respondents.

ELLISON, J.—Appellant sued respondents in the Circuit Court of Jasper County for $15,000 compensatory damages and $10,000 punitive damages, for false imprisonment on a charge of shoplifting, to-wit, stealing a number of gloves from the store of the respondent Newman Mercantile Company in Joplin. The respondents True and Robinson were, respectively, a clerk and the auditor in said store, and the respondent Bradshaw was the policeman who arrested appellant. On respondents' several requests at the close of appellant's case, the trial court gave peremptory instructions to the jury to find for them. Appellant objected and excepted and took an involuntary nonsuit as to all the respondents with leave to move to set the same aside, which leave was granted. Thereupon the jury was discharged and the court rendered judgment for the respondents. The bill of exceptions recites that: "Plaintiff duly excepted to the order and ruling of the court. A certified copy of said judgment is on file in this court in this appeal."

Within four days appellant filed his motion to set aside the nonsuit, in the form of a motion for new trial, and the cause was continued thereon until the next term when it was overruled, the appellant objecting and excepting. His short form transcript was filed in this court on November 10, 1939, and the cause was set for hearing on March 5, 1941. Fifteen days before that, on February 18, under our Rule 11 respondents, though declining to furnish a complete abstract, filed a counter abstract setting out additional evidence to show appellant's abstract in violation of our Rule 13 failed to set forth all the evidence necessary to be consulted in the disposition of the appeal on the error assigned, namely the sustention of the respondents' demurrers to evidence. Appellant made no effort to correct his abstract and by written stipulation the cause was submitted on briefs

without oral argument. On April 3, 1941, in a written opinion this Division dismissed the appeal for the reasons stated in respondents' counter abstract and brief supporting it. Appellant filed a motion for rehearing which was sustained on June 10, and the cause was set for argument at the September term on September 11. Again the parties stipulated to submit the cause on briefs, and appellant still left his appeal hanging on the abstract originally filed and his brief at the first hearing. We have no printed brief from him on the points raised by respondents' counter abstract—only his typewritten suggestions in support of his motion for rehearing.

From the foregoing it will be seen appellant had notice of the alleged defects in his abstract and double opportunity to correct them: first, after respondents' counter abstract was filed; and again after he was allowed a rehearing. When a rehearing is granted in a cause, or the same is transferred from a Division of this court to Court en Banc, it stands as if it had not been previously heard or submitted, and the appellant may file a new abstract and brief. [Morgan v. Kroger Grocer & Baking Co., 348 Mo. 542, 154 S. W. (2d) 44, 45(1); In re Guardianship of McMenamy, 307 Mo. 98, 116, 270 S. W. 662, 667(6).]

The defects in appellant's abstract alleged in respondents' counter, partial abstract were, first, that respondents' answer was not set out in full. That particular defect is severable from the others and respondents waived it by printing the answer correctly in their abstract. [Boyd v. Pennewell (St. L. Ct. App.), 78 S. W. (2d) 456, 458(9).] Another charge is that the bill of exceptions does not show appellant "excepted to the order and ruling of the court" as shown in appellant's abstract and quoted in the last sentence of the first paragraph of this opinion. But as this purported exception was directed to the entry of the *judgment,* which is a part of the record proper, not the bill of exceptions, and since appellant did except to the giving of the peremptory instructions and the overruling of his motion to set aside the nonsuit, his appeal is not undermined even if he did fail to save this exception.

The third and fourth assignments in the counter abstract go to the evidence. Officer Bradshaw arrested appellant without a warrant. One of appellant's contentions was that he had no legal right to do so on a misdemeanor charge, but only if he reasonably believed a felony had been committed by appellant; and since the gloves were worth less than $30 the offense could not have been a felony, under the statute. On that issue, appellant produced at the false imprisonment trial in the circuit court a witness, Robbins, who had been on the jury at appellant's trial on the criminal charge in a justice of the peace court. Appellant's abstract shows this witness testified: "Yes I heard Mr. True (one of the respondents) testify as to the value of these gloves, if I ain't mistaken, I believe he said $10." The abstract shows only one answer by the witness on cross-

examination, to the effect that True was a clerk in the shoe department, not the ladies glove department.

Respondents' counter abstract states that on cross-examination the witness Robbins further testified he didn't know about whether anyone from the glove department testified as to the value of the gloves, anyone who knew anything about the value of those gloves or was familiar with their market value or retail value; also that he didn't know why the assistant prosecuting attorney stated the value of the gloves in the information, or whether he stated the value correctly.

The fourth specification in the counter abstract challenging appellant's abstract, deals with his own cross-examination. The latter abstract is very obscure at this point, but as we understand, appellant was given hearsay testimony about what he learned from his neighbor, Davis, concerning statements made to Davis by the arresting officer, respondent Bradshaw. Appellant said Davis told him ''a man that looked like me was a shoplifter; was my double except for a scar.'' Then he continued (italics and parenthesis ours): ''Bradshaw told me (whether this means Davis or the appellant we do not know, but apparently the latter) it was a case of mistaken identity, that he was sorry and in good faith, believing that I was the man. He told me he had to pick me up.'' The counter abstract takes up the record here, and further quotes appellant as answering that he had heard his witness Miss Nina Butler (a waitress in the restaurant where he was arrested) testify; that she was in the restaurant; and that it was a fact that a young lady '(a customer in the Newman store who saw the larceny) followed by respondent Bradshaw walked in the south door and she walked around and looked at him (appellant); and he was sitting there at the counter drinking beer. Immediately following in his testimony as given in his own abstract, appellant said he didn't know a thing that took place in the restaurant, except that Bradshaw walked up and punched him in the ribs; that he did not see the girl (eyewitness) or respondent True, until after he had gone out of the restaurant.

Appellant's suggestions in support of his motion for rehearing contend that all these supplied omissions only go to the *weight* of his evidentiary case; and that his own abstract shows he adduced *substantial* evidence, in consequence of which the trial court erred in sustaining respondents' peremptory instructions. On this point he cites four cases: Parrent v. M. & O. Rd. Co., 334 Mo. 1202, 1213(4), 70 S. W. (2d) 1068, 1074(9); Pounds v. Farmers Union Merc. Co. (Sp. Ct. App.), 190 S. W. 374, 376(3); Hayward v. Ins. Co., North America (K. C. Ct. App.), 287 S. W. 1084, 1085(1); Pennington v. K. C. Rys. Co., 284 Mo. 1, 21, 223 S. W. 428, 433(10); and 4 C. J. S., sec. 1112, p. 1583.

In the first two of these cases no attack was made on appellant's abstract; the point was merely ruled on the merits that contradiction in a litigant's testimony does not destroy it but leaves the question for the jury as to which version is true. In the third case the court held the appellant's abstract was sufficient to give the appellate court a fairly clear understanding of the case; and that respondent had filed an additional abstract which supplied the omitted evidence, anyway. In the fourth case there was no question about omitted testimony. An additional abstract had been filed later than our Rule required, but nevertheless it was considered since no hardship would be inflicted on the other party. The cited section of 4 C. J. S. deals with immaterial omissions.

It will not do to say that because an appellant's abstract shows on its face he made a prima facie case, he will be exempt from penalty although he has omitted pertinent evidence and thereby violated Sec. 1194, supra, and our Rule 13. To hold that would encourage laxity and even distortion. Neither should the respondent be required to bring up *all* the omitted evidence to show appellant's error—if we adhere to precedents—because by so doing he would automatically waive the very errors of which he complains. It has been repeatedly decided that he may decline to file a complete counter abstract and submit only a partial abstract showing some but not all of the omissions. The course of decision in this State has been to apply a rule resembling the doctrine of *falsus in uno, falsus in omnibus*. And it must be conceded that the disclosure of errors and omissions in an abstract breeds doubt or distrust of the whole. Several recent cases in point are: Woods v. Dowd, 345 Mo. 718, 723 et seq., 137 S. W. (2d) 426; Bueker v. Aufderheide, 345 Mo. 833, 136 S. W. (2d) 281; Colo. Mil. & Elev. Co. v. Rolla Wholesale Groc. Co. (Sp. Ct. App.), 102 S. W. (2d) 681; Peck v. Great American Ins. Co., 230 Mo. App. 325, 328, 90 S. W. (2d) 415, 417(2); Bondurant v. Raven Coal Co. (K. C. Ct. App.), 25 S. W. (2d) 566, 571(5-9); Calkins v. Engle, 221 Mo. App. 1173, 1175, 300 S. W. 997.

In the two Supreme Court cases cited and the Peck case the writ of error or appeal was dismissed. In the other three the appeal was ruled on its merits against the offending party by *presuming* the judgment and the recitals in the opposing abstract to be true. But the latter course, it seems to us, hardly reaches the point. For, as pointed out in the Calkins case, the presumption *always* is that the decision of the lower court was correct, and the burden is on the appellant to show otherwise. Sec. 1194, supra, requires him to file a printed abstract of the "entire record," and while our Rule 13 permits him to reduce the evidence to narrative form, yet he must set forth "a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors." Where the rule mentioned

in the preceding paragraph is followed, it seems to us the proper practice is to dismiss the appeal.

If the respondent can successfully challenge the correctness of appellant's abstract of the evidence by submitting a *partial* counter abstract showing the omission of some material matters, and yet declining to furnish a complete abstract, *something* must be left to adverse inference against appellant concerning omissions *not* shown by respondents' partial abstract. Otherwise, when appellant's abstract is complete on its face and shows a prima facie case made by him, respondents' counter abstract would have to supply enough omissions to disprove that prima facie case, which amounts to a requirement that he present all *material* omissions—in other words, for practical purposes a complete abstract. And yet the decisions hold that when the respondents' counter abstract supplies all material omissions in appellant's abstract he waives them.

In the Peck case SHAIN, P. J., expresses the wish or hope "that some satisfactory plan may be devised" with respect to the abridgement of records. We agree, and also think the present practice of permitting a respondent to impeach an appellant's abstract by the "unsight, unseen" method of presenting a partial counter abstract, and hinting as to the other omissions, is open to criticism. It also tends to drive appellants to print the entire bill of exceptions, at greater expense to themselves, and imposing greater labor on the appellate courts—for in almost all bills considerable matter can be left out. Intelligent and fair condensation ought to be encouraged. Both the Woods and Bueker cases cited at the end of the third preceding paragraph concede the rule referred to ought to be enforced sparingly. In both of them the omissions in the appellant's abstract were substantial.

However, where the appeal involves the probative value of the evidence as a whole, as in the Bueker and Colorado Milling cases, supra, it is well established that *all* the evidence should be brought up, so that the appellate court "may, for itself, determine its materiality and probative force." It is not for counsel, but for the court, to say what evidence is material. The instant case is of that class. On authority of the decisions just cited, and because appellant after two opportunities has made no effort to correct his abstract, we again hold it insufficient, and dismiss the appeal. It is so ordered. All concur.